THE STATE OF OHIO, APPELLEE, *v.*
BUTCHER, APPELLANT.

(No. WD-83-50—Decided
November 11, 1983.)

*Ms. Kate A. Aubry,* assistant city prosecutor, for appellee.

*Mr. Adrian P. Cimerman,* county public defender, for appellant.

HANDWORK, J. This case is before the court on appeal from a judgment of the Fostoria Municipal Court.

On April 3, 1983, defendant-appellant, Tammy Butcher, was driving her car north on Bradner Road in Perrysburg Township when it suddenly left the road, struck some mailboxes and hit a tree. The arresting officer issued two citations, one charging appellant with driving while under the influence of alcohol and the other charging her with driving without being in reasonable control of her vehicle, in violation of R.C. 4511.19 (hereinafter "DWI") and R.C. 4511.202 (hereinafter "OMVRC"), respectively.

On April 7, 1983, the trial court found appellant guilty of the OMVRC charge and thereafter sentenced her for this offense. Subsequently, on June 22, 1983, the trial court found appellant guilty of the DWI charge and imposed sentence thereon.

In bringing this appeal from her DWI conviction, appellant presents the following sole assignment of error:

"The Trial Court erred in convicting the Defendant of Driving Under the Influence of Alcohol and/or Drugs in violation of Ohio Revised Code Section 4511.19(A)(3), where Defendant had previously been convicted and sentenced for Operating a Motor Vehicle Without Reasonable Control in violation of Ohio Revised Code Section 4511.202 as a result of the same conduct."

The parties to this appeal have agreed that appellant's convictions were based on the same conduct. Thus, the narrow issue before us today is whether R.C. 4511.19 (DWI) and R.C. 4511.202 (OMVRC) are allied offenses of similar import under R.C. 2941.25(A). Appellant contends that they are and, therefore, that her conviction under one statute precludes her

subsequent conviction under the other. See R.C. 2941.25.

For the following reasons, we hold that driving while under the influence of alcohol or controlled substances ("drugs of abuse"), R.C. 4511.19, and operating a motor vehicle without being in reasonable control thereof, R.C. 4511.202, are not allied offenses of similar import under R.C. 2941.25(A).

Though variously stated, the test for determining when two crimes constitute "allied offenses of similar import" has been most persuasively articulated in *State* v. *Moralevitz* (1980), 70 Ohio App. 2d 20 [24 O.O.3d 16], in which the court held, in the first paragraph of the syllabus therein:

"Before two separate offenses are considered allied offenses of similar import under R.C. 2941.25, a two-step inquiry must be undertaken and both steps must be satisfied in order for the offenses to be allied offenses. The first step is a statutory analysis whereby the elements of the applicable statutes are reviewed and a determination made as to whether the offenses are allied offenses of similar import. Offenses of similar import are those which have similar elements, common elements, or offenses whose elements correspond to such a degree that the commission of one offense will result in the commission of the other. If the offenses are offenses of dissimilar import, the inquiry is concluded and the defendant may be convicted of both offenses. If the offenses are found to be allied offenses of similar import, then the second step of the inquiry must be undertaken and this constitutes a review of the evidence (*i.e.*, defendant's conduct) and a determination made as to whether the offenses were committed separately or with a separate animus as to each offense. If the offenses were so committed, they cannot be allied offenses and the defendant may be convicted of all of them. If, however, the offenses were committed together with a single animus, they are allied offenses and

a defendant can be convicted of only one offense." See, also, *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 418; *State* v. *Brown* (1982), 7 Ohio App. 3d 113, 116-117.

R.C. 4511.19 states, in pertinent part:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state if any of the following apply:

"(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse;

"(2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;

"(4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine."

R.C. 4511.202 states:

"No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar."

In reviewing the statutory elements of the offenses in this case, one observes that they both require proof that the defendant (1) operated a vehicle and (2) operated it either on "property open to the public for vehicular traffic" (R.C. 4511.202) or merely anywhere within the state (assuming venue, of course) (R.C. 4511.19). However, the similarity of their elements ends there. Each statute goes on to require proof of a different factual element which the other does not.

The DWI offense requires proof of the presence of alcohol in the defendant's body — either through a chemical analysis of his blood, breath or urine (see R.C. 4511.19[A][2], [3] and [4]), or at least sufficient proof that he was *under the in-*

*fluence* of alcohol while driving (see R.C. 4511.19[A][1]). On the other hand, R.C. 4511.202 requires evidence that the defendant was not in reasonable control of his vehicle, which does not entail proof that he was intoxicated. One can easily imagine many cases in which a defendant, while completely sober, nevertheless drives his car in such a manner that he cannot be said to be in reasonable control of it. Since the presence of alcohol in the defendant's system is not an element of the OMVRC offense, his physical condition is not in issue, as it necessarily must be when one is charged with DWI under R.C. 4511.19(A)(3). Being under the influence of alcohol or controlled substances, or having a specified alcohol content, as shown through a particular chemical test, is not a fact tending to show a violation of R.C. 4511.202. Only proof of facts going to the unreasonable manner in which the defendant operates his vehicle is sufficient to sustain a conviction under that statute.

Conversely, evidence which would be sufficient to convict a defendant of the OMVRC offense would be insufficient to sustain his conviction for DWI. See *Akron v. Kline* (1956), 165 Ohio St. 322 [59 O.O. 414]. Nor is R.C. 4511.202 a "lesser included offense" of R.C. 4511.19. Again, each crime requires proof of a different factual element not included in the other. *Akron* v. *Kline, supra.* The offenses in question do not contain "* * * elements correspond[ing] to such a degree that commission of one of the offenses will result in the commission of the other * * *." *State* v. *Brown, supra,* at paragraph three of the syllabus.[1] *State* v. *Moralevitz, supra.* Consequently, R.C. 4511.19 and R.C. 4511.202 proscribe two offenses of dissimilar import.[2]

Accordingly, appellant's sole assignment of error is not well-taken.

On consideration whereof, this court finds that the Fostoria Municipal Court did not err in convicting and sentencing defendant-appellant, Tammy Butcher, for a violation of R.C. 4511.19(A)(3), and the judgment of said court is hereby affirmed. This cause is remanded to said court for execution of sentence and assessment of costs. Costs assessed against defendant-appellant.

*Judgment affirmed.*

DOUGLAS and RESNICK, JJ., concur.

---

[1] Most recently, in *State* v. *Brown* (1982), 7 Ohio App. 3d 113, the court held, in the third paragraph of the syllabus therein:

"In order for there to be allied offenses of similar import (R.C. 2941.25), the trial court must determine that: (a) the prosecution has relied upon the same conduct to support both offenses; (b) the offenses and their elements correspond to such a degree that commission of one of the offenses will result in the commission of the other; and (c) the commission of both offenses was motivated by the same purpose or animus."

[2] In *State* v. *Moralevitz* (1980), 70 Ohio App. 2d 20 [24 O.O.3d 16], the court explained that the second part of the two-step inquiry is directed to determining, from the defendant's conduct, whether the offenses in question were committed with a single or separate animus. In the context of crimes such as murder, rape, kidnapping, robbery, theft, *etc.,* the determination of the animus factor, as required by R.C. 2941.25(B), plays an important role. Here, however, the statutes under which appellant was convicted do not state offenses susceptible of the type of "animus" analysis usually applied to crimes involving a "guilty knowledge" (or intent) element, *i.e.,* in the sense of factual proof of plan, design, malice, purpose or even, more generally, motivation. See *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373].

The DWI and OMVRC offenses proscribe a specified manner in which, or condition under which, a person's vehicle can be driven, without regard to his or her particular mental state. The statutes in question, R.C. 4511.19 and R.C. 4511.202, may be said to define crimes of status, not crimes involving animus. This distinction most nearly resembles the traditional *malum in se/malum prohibitum* distinction, in which the inquiry focuses principally on the presence or absence of an inherently malicious "ill will" or intention.