[No. 13095–1–I.   Division One.   May 20, 1985.]

THE CITY OF BELLEVUE, *Petitioner*, v. ROBERT P. REDLACK, *Respondent*.

*Richard L. Andrews, City Attorney,* and *Susan R. Irwin, Assistant,* for petitioner.

*Lois D. Trickey* of *Eastside Defender Association,* for respondent.

COLEMAN, J.—The City of Bellevue appeals from an order of the King County Superior Court entered on a petition for writ of certiorari from a judgment of the Bellevue District Court. We granted discretionary review of the superior court order which affirmed the district court judgment. The District Court held that the double jeopardy clause of the fifth amendment to the federal constitution and article 1, section 9 of our state constitution barred the trial of Robert P. Redlack for driving while under the influence of intoxicating liquor (DWI) after Redlack had forfeited bail on a negligent driving charge which arose from the same conduct. We reverse the order of the Superior Court and remand to the Bellevue District Court for trial of the DWI charge.

The pertinent portions of the agreed report of proceedings reflect the following facts: On November 27, 1982, Robert P. Redlack was stopped by a Bellevue police officer. He was issued a citation for negligent driving and a separate citation for DWI. On December 1, 1982, Redlack forfeited bail in Bellevue District Court on the negligent driving charge. On December 3, 1982, he appeared pro se on

the DWI charge and pleaded guilty to that offense. The case was set over for presentence investigation.

On December 21, 1982, Judge Joel Rindal continued Redlack's hearing to give him the opportunity to seek counsel. On January 25, 1983, Redlack appeared with counsel and moved the court to allow him to withdraw his guilty plea. That motion was granted.

Counsel for Redlack then moved the court to dismiss the DWI charge. Counsel argued that since the forfeiture of bail on the negligent driving charge constitutes a final disposition pursuant to JCrR 2.09(m), it would be double jeopardy for the court to try him subsequently for the DWI which arose from the same incident. Judge Gain agreed and dismissed the DWI charge.

The issue presented for our resolution is whether trial of a charge for DWI results in multiple prosecution of the same offense, contrary to the constitutional guaranty against double jeopardy, when a charge of negligent driving arising from the same incident has already resulted in a final disposition.

> [T]he constitutional guaranty against double jeopardy protects a defendant from a second trial for the same offense and against multiple punishments for the same offense. *Whalen v. United States*, [445 U.S. 684, 63 L. Ed. 2d 715, 100 S. Ct. 1432 (1980)].

*State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983); *State v. Birgen*, 33 Wn. App. 1, 3, 651 P.2d 240 (1982) (citing *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969)), *review denied*, 98 Wn.2d 1013 (1983); U.S. Const. amend. 5; Const. art. 1, § 9. Our concern in this case is whether the City is barred from multiple prosecution of Redlack for the same offense.

The test for whether offenses are the "same" is articulated in *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973), and restated in *Vladovic*:

> In order to be the "same offense" for purposes of double jeopardy the offenses must be the same in law and in fact. If there is an element in each offense which is not

included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses. *Roybal,* at 581.

*Vladovic,* at 423.

The meaning of the phrase "the same in law and in fact" was previously explained in *State v. Barton,* 5 Wn.2d 234, 237–38, 105 P.2d 63 (1940):

> A person is not put in second jeopardy by successive trials unless they involve not only the *same act,* but also the *same offense.* There must be substantial identity of the offenses charged in the prior and in the subsequent prosecutions both in fact and in law. The same act may be in violation of two different penal statutes, in which case there may be two separate and successive prosecutions against the offender, because the offenses are not the same. . . .
>
> . . .
>
> The rule is, however, subject to the qualification that the offenses involved in the former and in the latter trials need not be identical as entities and by legal name. It is sufficient to constitute second jeopardy if one is necessarily included within the other, and in the prosecution for the greater offense, the defendant could have been convicted of the lesser offense.

*Barton,* at 237–38, *quoted in Roybal,* at 582.

Thus, double jeopardy occurs when one offense is a lesser included offense of the other. A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. *Roybal,* at 583 (citing *State v. Bishop,* 6 Wn. App. 146, 152, 491 P.2d 1359 (1971)).

The City contends that negligent driving is not a lesser included offense of DWI, and therefore, double jeopardy is not violated by prosecuting Redlack for the DWI charge. We agree. The statute defining driving while under the influence provides:

> A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle

within this state while:

(1) He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under RCW 46.61.506 as now or hereafter amended; or

(2) He is under the influence of or affected by intoxicating liquor or any drug; or

(3) He is under the combined influence of or affected by intoxicating liquor and any drug.

The fact that any person charged with a violation of this section is or has been entitled to use such drug under the laws of this state shall not constitute a defense against any charge of violating this section.

RCW 46.61.502.

The elements of negligent driving are set forth in RCW 46.61.525: "For the purpose of this section to 'operate in a negligent manner' shall be construed to mean the operation of a vehicle in such a manner as to endanger or be likely to endanger any persons or property . . ." As stated in *Spokane v. Vaux,* 83 Wn.2d 126, 130, 516 P.2d 209 (1973), in order to be convicted of negligent driving under the terms of the statute, one must drive in a manner which is both negligent and dangerous. In contrast, in order to establish the offense of DWI under the provisions of RCW 46.61.502, it is not necessary to show negligent and dangerous driving.

"Under the influence" is proven by one of three alternative means: the accused (1) had the prohibited blood alcohol concentration; (2) was under the influence of or affected by intoxicating liquor or any drug; or (3) was under the combined influence of or affected by intoxicating liquor and any drug. *State v. Franco,* 96 Wn.2d 816, 821, 639 P.2d 1320 (1982). Redlack contends that each of these methods necessarily includes negligent driving. He further argues the Legislature did not intend that a person be punished twice when he drives negligently as a result of his intoxication.[1]

---

[1] As this court stated in *State v. Birgen,* 33 Wn. App. 1, 6, 651 P.2d 240 (1982), *review denied,* 98 Wn.2d 1013 (1983), legislative intent determines

Redlack's argument is inconsistent with our construction of the statutes. Evidence of the presence of a 0.10 percent alcohol concentration in the defendant's body or other evidence that he was under the influence is essential to support a conviction under RCW 46.61.502; however, such proof alone does not warrant a conviction for negligent driving. Rather, proof of intoxication is for the jury to weigh with other evidence to find that the defendant drove in such a manner as to endanger or be likely to endanger any persons or property. RCW 46.61.525. Similarly, proof that a person was driving in such a manner as to endanger or be likely to endanger any persons or property (the elements of negligent driving) is not required to sustain a conviction for DWI. In other words, the elements of the alleged lesser offense (negligent driving) are not elements of the alleged greater offense. Each statute requires proof of an element which is not included in the other. Driving while under the influence requires proof that the driver was under the influence of intoxicating liquor or any drug or a combination of the two, and negligent driving requires proof that the driver was operating a vehicle in a negligent manner as defined by RCW 46.61.525.

In proscribing driving while under the influence, the Legislature focused upon the *condition* of the driver, whereas in proscribing negligent driving, the Legislature was concerned with the manner in which the automobile is *actually* driven. The Legislature did not require the State to prove negligent and dangerous driving in order to establish a violation of the DWI statute under any of the three alternatives.

Other courts presented with this issue have reached the same conclusion as we do in this case. *See State ex rel. Mullikin,* 455 A.2d 371, 373 (Del. Fam. Ct. 1982); *State v. Butcher,* 12 Ohio App. 3d 87, 466 N.E.2d 189 (1983). In *Butcher,* at 88–89, the court held that

---

whether an accused may be convicted of more than one crime arising out of a single act. *See also State v. Johnson,* 96 Wn.2d 926, 936–37, 639 P.2d 1332 (1982).

The DWI offense requires proof of the presence of alcohol in the defendant's body—either through a chemical analysis of his blood, breath or urine (see R.C. 4511.19[A][2], [3] and [4] [driving while under the influence provisions]), or at least sufficient proof that he was *under the influence* of alcohol while driving (see R.C. 4511.19[A][1]). On the other hand, R.C. 4511.202 [driving without being in reasonable control of a vehicle] requires evidence that the defendant was not in reasonable control of his vehicle, which does not entail proof that he was intoxicated. One can easily imagine many cases in which a defendant, while completely sober, nevertheless drives his car in such a manner that he cannot be said to be in reasonable control of it. Since the presence of alcohol in the defendant's system is not an element of the OMVRC offense [driving without being in reasonable control], his physical condition is not in issue, as it necessarily must be when one is charged with DWI under R.C. 4511.19(A)(3) [breath analysis method]. Being under the influence of alcohol or controlled substances, or having a specified alcohol content, as shown through a particular chemical test, is not a fact tending to show a violation of R.C. 4511.202. Only proof of facts going to the unreasonable manner in which the defendant operates his vehicle is sufficient to sustain a conviction under that statute.

Conversely, evidence which would be sufficient to convict a defendant of the OMVRC offense would be insufficient to sustain his conviction for DWI. See *Akron* v. *Kline* (1956), 165 Ohio St. 322 [59 O.O. 414]. Nor is R.C. 4511.202 [driving without being in reasonable control of a vehicle] a "lesser included offense" of R.C. 4511.19 [the DWI offense]. Again, each crime requires proof of a different factual element not included in the other. *Akron* v. *Kline, supra.*

Redlack argues that the Legislature intended that negligent driving be automatically established by proof that a person is under the influence under RCW 46.61.502(2) or (3). As our analysis indicates, neither the statute nor any legislative history called to our attention supports this argument. The DWI law permits a person to legally drink and drive, but not to the extent of being under the influence as established under one of the three alternatives in

RCW 46.61.502. The Washington statute prohibiting driving while under the influence is a general policy provision designed to deter persons from mixing driving and drinking (or the use of other intoxicants) to the point of being under the influence. The negligent driving statute, on the other hand, requires a case–by–case examination of the specific facts which constitute driving in a negligent manner as that term is defined by statute. The Legislature did not determine that all persons who drive while under the influence are necessarily guilty of negligent driving. Had that been the Legislature's conclusion and its intended result, the Legislature could have provided specifically that negligent driving was a lesser included offense of DWI. *See Fairbanks v. Schrock,* 457 P.2d 242, 249 (Alaska 1969).

Our result in the present case is consistent with the authorities cited in Redlack's brief, at pages 9–10. In *State v. Potter,* 31 Wn. App. 883, 888, 645 P.2d 60 (1982), the court held that under the specific facts of that case, reckless endangerment and reckless driving were the same offense for purposes of the double jeopardy clause as it relates to multiple punishment. Police officers, observing Potter's car speeding with a missing taillight, pursued the car for some distance. During the chase, Potter slammed on his brakes, nearly causing a collision with the police, and later he ran a roadblock. The police finally stopped the vehicle. Potter was charged with and found guilty of reckless driving, reckless endangerment, and possession of marijuana. Consecutive terms of imprisonment were imposed for reckless driving and reckless endangerment. The court acknowledged that, in theory, reckless endangerment can be committed without reckless driving, but noted that proof of reckless endangerment through use of an automobile will always establish reckless driving. *Potter,* at 888. Under the facts in *Potter,* it was clear that only one offense was committed.

In *State v. Birgen,* 33 Wn. App. 1, 7–8, 651 P.2d 240 (1982), *review denied,* 98 Wn.2d 1013 (1983), the court applied the *Potter* analysis and concluded that third degree

rape and third degree statutory rape were the same offense for purposes of multiple punishment. "Whenever someone over 18 years of age commits an act of nonconsensual intercourse [third degree rape] upon a victim less than 16 years old, statutory rape in the third degree is committed ipso facto." *Birgen,* at 8. The court emphasized that both third degree statutory rape and third degree rape were class C felonies. *Birgen,* at 9. As only one act of intercourse occurred, it was clear that the Legislature intended only one punishment to apply.

*State v. Waldenburg,* 9 Wn. App. 529, 513 P.2d 577, *review denied,* 83 Wn.2d 1002 (1973) held that, as the information was drawn and under the proof submitted in that case, the offense of selling a motor vehicle knowing the odometer had been turned back without notifying the buyer, RCW 46.37.550 (a misdemeanor) was a lesser included offense of grand larceny by fraudulent or false representation or by trick or device, former RCW 9.54-.010(2) (a felony). In the circumstances of *Waldenburg,* all of the elements of selling a vehicle knowing the odometer had been turned back were necessary for conviction on the felony larceny charges. *Waldenburg,* at 533.

In contrast to the facts in those cases, here we cannot say that every time a driver is convicted of negligent driving where there is evidence that he was using intoxicants, the driver will necessarily be guilty of DWI. This is so whether the City attempts to prove the DWI offense by the blood alcohol method or by the alternative means. A person can consume alcohol without necessarily being under the influence—for example, a person can have a blood alcohol level of less than 0.10 percent—and still be guilty of driving in a negligent manner. Conversely, we cannot say that every driver convicted of DWI will automatically be guilty of negligent driving. An officer may observe a vehicle being driven without any indication of negligent operation but may stop that vehicle for an infraction such as a defective taillight. If the officer then detects an odor of alcohol and other behavioral characteristics of the driver indicating that

the driver is under the influence of intoxicants, the driver may be charged with DWI. Under these circumstances, the only prosecution available is on a charge of DWI without an additional charge of negligent driving since there is no proof that negligent driving has actually occurred.

In the final analysis, Redlack's argument erroneously implies that independent driving violations are subsumed in the charge of a more serious offense when each of the violations, although they are separate and the less serious violations do not require proof of a fact which is necessary to prove the more serious offense, results from a single driving episode. We disagree. We conclude that negligent driving is not a lesser included offense of DWI, that the Legislature did not intend to prevent prosecution for both DWI and negligent driving arising out of the same driving incident, and that Redlack's trial for DWI will not place him twice in jeopardy. The judgment of the Superior Court is reversed, and the cause is remanded to the Bellevue District Court for trial.

SCHOLFIELD, A.C.J., and GROSSE, J., concur.

Review denied by Supreme Court September 19, 1985.