CITY OF MIDDLETOWN, APPELLEE, *v.* BLEVINS, APPELLANT.

(No. CA85-09-103—Decided February 17, 1987.)

*Jeff Guiliano,* prosecuting attorney, for appellee.

*Grove & Matre* and *Deborah L. Kurfiss,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Middletown Municipal Court of Butler County, Ohio.

This is an appeal by defendant-appellant, Charles Blevins, from his conviction in the Middletown Municipal Court for failing to maintain reasonable control of his automobile.

On July 5, 1985, Middletown Police Officer Roger Knabel responded to a call from Ruthie's Drive-In, which is a food preparation establishment in the city of Middletown. Upon his arrival, he observed appellant's automobile lodged atop a guardrail next to the drive-in. Upon approaching appellant, Knabel suspected he was under the influence of alcohol or drugs. Appellant was arrested for driving under the influence of alcohol or drugs ("DUI") and transported to police headquarters where he took an intoxilyzer test with a .00% breath-alcohol content. Appellant was then required to submit to a blood test, but its subsequently discovered result was also .00% blood-alcohol content.

On July 8, 1985, appellant was arraigned on the DUI charge. He entered a not guilty plea and his case was continued pending the result of the blood test.

On August 5, 1985, appellant again returned to court. However, when the case was called, probably due to the negative blood-alcohol test result, appellee moved the court to amend the charge saying:

"Mr. Guiliano: Your Honor before we proceed I'd like to amend the charge of DWI to failure to maintain reasonable control of a motor vehicle under Middletown Ordinances."

When asked by the court whether there was any objection to the amend-

ment, appellant's counsel responded, "no," but appellant responded, "yes." Faced with this response to the motion to amend, the court granted appellant four additional days to prepare for trial.

On August 9, 1985, the parties returned to court, and the failure-to-maintain-reasonable-control charge proceeded to a bench trial (the charge was now only a minor misdemeanor). After hearing testimony by Knabel and appellant, the judge found appellant guilty of a failure to maintain reasonable control of his automobile. He was fined $25 and costs.

This appeal followed.

In his brief, appellant raises two assignments of error:

Assignment of Error No. 1:

"The trial court erred in granting the prosecutor's motion to amend the complaint over appellant's objection."

Assignment of Error No. 2:

"The trial court erred in finding defendant guilty of failure to control under Middletown Municipal Ordinance 432.38 because the guilty verdict was clearly and manifestly against the weight of the evidence as the city failed to prove the essential element that defendant was operating a motor vehicle upon a street or highway."

For his first assignment of error, appellant claims that the trial court erred in permitting appellee to amend the charge of DUI to failure to maintain reasonable control. Appellant contends Crim. R. 7(D) forbids *amending* a charge so that the name or identity of the offense is changed. Not disputing that appellant objected to the amendment and conceding "the identity of the charge was changed," appellee responds that both appellant and his counsel were aware of the amendment and were given time to prepare for a trial of the amended charge.

Although the Ohio Traffic Rules control procedures in Ohio traffic cases in all Ohio courts, Traf. R. 1(A), they do not provide for the amendment of traffic citations. However, Traf. R. 20 provides, "[i]f no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply."

Turning to the Rules of Criminal Procedure, we find that Crim. R. 7 applies to the amendment of indictments, informations and complaints. Crim. R. 7(D) provides in pertinent part:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* * * *" (Emphasis added.)

While Crim. R. 7(D) permits a trial court to correct defects, imperfections or omissions in the form or substance of the indictment, information, complaint or bill of particulars (*i.e.,* changes that do not go to the very essence of the offense charged), it clearly forbids, whether a continuance is granted or not, a trial court from permitting an amendment of a complaint, indictment or information which changes the name or identity of the offense charged. Cf. *State* v. *Hogg* (July 21, 1986), Warren App. No. CA86-01-001, unreported; *State* v. *Rose* (Oct. 28, 1985), Madison App. No. CA84-03-012, unreported.

In this case, a DUI charge was amended to allege a violation of a completely different ordinance, failure to maintain reasonable control. In *State* v. *Butcher* (1983), 12 Ohio App. 3d 87, 88-89, 12 OBR 286, 288-289, 466 N.E. 2d 189, 190-191, the Court of Appeals for Wood County concluded proof of a violation of the failure-to-maintain-reasonable-control statute (R.C. 4511.202) is a separate offense addressing the actual operation of a motor vehicle and therefore is unrelated to a DUI charge

under R.C. 4511.19, which focuses on the physical condition of the driver while operating.

Based on *Butcher, supra,* and our examination of the Middletown ordinances in question (both of which mirror their Revised Code counterparts, R.C. 4511.19 and 4511.202), we conclude that the city's amendment of the charge against appellant from DUI to failure to maintain reasonable control was a change in the name of the charge. Because Crim. R. 7(D) flatly forbids amendments changing the name or identity of a charge, this amendment was unlawful whether or not appellant was granted a continuance to prepare for trial. Additionally, given the flat prohibition in Crim. R. 7(D) against amendments changing the name or identity of charges, we find appellant need not demonstrate that he suffered any prejudice as a result of the forbidden amendment.[1]

In addition to Crim. R. 7, there is an even more basic notion which compels the result we reach today: fundamental due process. The purpose of a charging instrument, be it an indictment, information or complaint, is to inform the accused that a charge has been lodged against him and to provide him with an indication of the nature of that charge. Indeed, the idea that one could be subjected to criminal prosecution without being notified of the charge against him is foreign to American jurisprudence. Where one does not waive service of that charging instrument, we can see no compelling reason to stray from such a fundamental constitutional principle as the right to formal notice of the charge being leveled.

Therefore, we hold that where a defendant is charged with an offense and the government wishes to amend that charge to another offense which is neither the same offense in name or identity nor a lesser included offense to the original charge, unless the defendant agrees to waive service of another charging instrument, he must be served with a new charging instrument (indictment, information, or complaint) setting forth the nature of the new charge against him.

Appellant's first assignment of error is sustained.

For his second assignment of error, appellant alleges that his conviction[2] was against the manifest weight of the evidence. We disagree.

In arguing his second assignment

---

[1] While under Crim. R. 7(D) changes in the *substance* of an indictment, information or complaint require a showing of prejudice to obtain relief, no such prejudice requirement appears in Crim. R. 7(D) insofar as changes in the *name or identity* of the offense charged are concerned.

Even if we were to require a showing of prejudice, appellant could make one. In the case *sub judice,* the prosecution effectively was forced to dismiss the DUI case because it found it could not demonstrate the presence of alcohol or drugs in appellant's system. We hold today that a new traffic citation charging failure to maintain reasonable control is required to bring a new charge under these circumstances based on Crim. R. 7(D).

We perceive a danger of prosecutorial

overreaching lurks here. While it is clear that all the facts the prosecutor would need to prosecute a failure-to-control case were present at the time the original DUI charge was filed, no such charge was leveled until the prosecutor lost confidence in his DUI case. We fear that if we were to allow prosecutors to level charges against defendants in consecutive fashion rather than all at once, we would thereby impliedly approve unnecessarily prolonged and successive actions based on a single set of facts. Limited time and judicial resources, both mentioned in the transcript herein by the trial judge, demand that the government bring whatever charges it has at one time and not in successive fashion.

[2] We can find no judgment entry in the

of error, appellant directs our attention to Middletown Ordinance 432.38 (A). While he correctly argues this ordinance's scope is limited to acts committed on streets or highways, unfortunately Middletown Ordinance 432.38(A) was repealed in January 1984 by the Middletown City Commission as a result of the enactment of Middletown Ordinance 434.025 on March 1, 1983. Section 434.025 forbids operation of a motor vehicle on property open to the public for vehicular traffic without being in reasonable control of the vehicle. Accordingly, appellant's second assignment of error is without merit.

The assignments or error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

JONES, P.J., HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, sitting by assignment.

---

record reflecting what statute or ordinance appellant was convicted of violating. While the transcript suggests appellant was prosecuted under the Middletown ordinance relating to failure to maintain reasonable control (434.025), portions of other documents in the record suggest he might have been convicted under an identical state statute, R.C. 4511.202. Although not raised by an assignment of error in this appeal, the failure to set forth in some form a judgment entry stating the statute or ordinance section appellant was convicted of violating could itself form a basis for reversal. *State* v. *Cox* (Oct. 29, 1984), Clermont App. No. CA84-04-034, unreported.