OPINION
Defendant-appellant, Nathaniel Lee, appeals his conviction for a motor vehicle title law violation under R.C. 4505.19(C). Lee complains that the state presented insufficient evidence to support his conviction and that his conviction was against the manifest weight of the evidence.
On January 15, 1996, an Ohio Highway Patrolman stopped Michael Carter for speeding. Troopers subsequently determined that the public vehicle identification number ("VIN") displayed on the black Volkswagon Jetta was counterfeit. The publicly displayed VIN and the Ohio license plates on the vehicle belonged to a 1987 Volkswagon Jetta registered to Lee. The troopers, however, located a confidential VIN that identified the vehicle as a 1991 Volkswagon Jetta that had been reported stolen.
Trooper James Slusher contacted Lee, told him that he had found a vehicle registered in his name, and indicated that there were questions about the identity and ownership of the vehicle. During that conversation, Lee indicated that Carter had permission to drive the vehicle. Trooper Slusher asked Lee to come to Clinton County with proper documentation as to ownership of the vehicle.
Lee arrived at the Clinton County Highway Patrol Post on January 22, 1996, and produced an Ohio Certificate of Registration and a duplicate Certificate of Title for a 1987 Volkswagon Jetta. After Trooper Slusher informed Lee of his rights, Lee made a voluntary statement. Lee initially told the trooper that he bought the 1987 Jetta from Vanessa Carter Jones for $3,000. Lee later conceded, however, that he never purchased the vehicle, but merely allowed it to be titled in his name. The trooper noticed that Lee's signature on his voluntary statement was different than the signature of Lee's name on the registration certificate Lee had presented to the trooper. Lee admitted that Michael Carter signed Lee's name on the certificate. Trooper Slusher eventually arrested Lee and charged him with a title offense.
On February 7, 1996, the Clinton County Grand Jury indicted Lee, charging that he
 did with intent to defraud, possess, or supply a forged, fictitious, counterfeit, stolen, or fraudulently or unlawfully obtained certificate of title, registration, or other instruments of ownership of a motor vehicle, to wit: being one 1991 Volk, swagen [sic] Jetta, Ohio License No. WRU757, Serial No. WVWTJ21G1MW326605, or conspire to do any of the aforementioned, in violation of [R.C. 4505.19(C)].
Lee waived his right to a jury trial and the cause was tried before the bench on July 30, 1996. At the conclusion of the prosecution's case, Lee moved for dismissal under Crim.R. 29. The trial court denied his motion. Lee did not to present evidence, but again renewed his motion to dismiss. Following closing arguments, the trial court found Lee guilty as charged. On September 6, 1996, the trial court issued a judgment nunc pro tunc stating that "the Defendant is guilty of violation of Section 4505.19(C) * * * in that he fraudulently or unlawfully obtained a certificate of title, registration, bill of sale, or other instrument of ownership of a motor vehicle to wit: a 1991 V.W. Jetta Serial No. WVWTJ21G1MW326-605."
On appeal, Lee notes that the state produced no evidence that Lee obtained or had possession of any instrument of ownership to a 1991 Volkswagen Jetta; Lee complains that there was no evidence that he intended to deceive anyone with the registration and title certificates for the 1987 Jetta. Under his first assignment of error, Lee argues that the trial court should have dismissed the indictment. Lee contends in his second assignment of error that his conviction is against the manifest weight of the evidence. This court will consider both assignments of error together. See State v. Jenks (1991), 61 Ohio St.3d 259, 273 (in reviewing both the weight and sufficiency of the evidence the verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts).
R.C. 4505.19(C) provides that "[n]o person shall * * * [w]ith intent to defraud, possess, sell, offer to sell, counterfeit, or supply a blank, forged, fictitious, counterfeit, stolen, or fraudulently or unlawfully obtained certificate of title, registration, bill of sale, or other instruments of ownership of a motor vehicle, or conspire to do any of the foregoing[.]" The evidence adduced at trial supports Lee's indictment and conviction under this statute.
The state presented detailed evidence on methods to conceal the identity of stolen vehicles. Ohio Trooper Steven Dungan testified that it is a common practice in title fraud cases for an individual to purchase an older vehicle with a clear title and "merge" that vehicle's identity with that of a stolen vehicle. One common way to merge the identity of two vehicles is to exchange the public VIN numbers that the vehicles display.
The state demonstrated that Michael Carter took title to a 1987 Volkswagon Jetta on August 30, 1995. He transferred title to Vanessa E. Carter Jones on October 23, 1995. On November 7, 1995, title to that vehicle was transferred to Lee. On January 15, 1996, Michael Carter was stopped in a 1991 Volkswagon Jetta that bore the public VIN of the 1987 Jetta and license tags registered to the 1987 vehicle. Lee came to Clinton County and presented Trooper Slusher with title and registration certificates for a 1987 Jetta. Lee initially lied to Trooper Slusher when he claimed that he had purchased the 1987 Jetta; Lee later acknowledged that the vehicle had only been registered in his name. Lee also indicated that Carter signed Lee's name to the registration certificate that Lee had presented to the trooper.
The evidence establishes that Lee possessed unlawfully obtained title and registration certificates to a 1987 Jetta. The evidence also supports a reasonable inference that Lee presented those documents to Trooper Slusher with the intent to defraud. Lee argues that even if the trial court properly found that he had forged the registration certificate to the 1987 Jetta in violation of R.C. 4505.19(C), his conviction was improper because the indictment referred only to the 1991 Jetta. The purpose of an indictment is to inform the accused of a charge against him, and to provide the accused with an indication of the nature of the charge. Middletown v. Blevins (1987), 35 Ohio App.3d 65. Lee's indictment was sufficient in this regard.
After reviewing the evidence, this court concludes there was sufficient evidence to sustain all the essential elements of a motor vehicle title law violation under R.C. 4505.19(C). The trial court did not err in refusing to dismiss Lee's indictment, and Lee's conviction was not against the manifest weight of the evidence. Lee's two assignments of error are overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.