[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Joseph Payne, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of improperly transporting a firearm in a motor vehicle pursuant to R.C. 2923.16(B), a misdemeanor of the first degree. For the following reasons, we reverse the trial court's judgment and order Payne discharged.
Payne was indicted for carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree as charged. A bench trial was conducted, after which the trial court found Payne not guilty of carrying a concealed weapon but guilty of violating R.C. 2923.16(B).
On appeal, Payne argues that the court erred in finding him guilty of an offense that is not a lesser included offense of the crime charged in the indictment. We agree. Although Crim.R. 7(D) permits the amendment of a charge to correct defects or omissions in the form or substance of an indictment, the court may not amend the indictment to change the name or identity of the offense that is charged. If the state seeks to amend the charge to another offense that is neither the same offense in name or identity nor a lesser included offense, it may do so only if the defendant agrees to waive service of another charging instrument.[1]
The Supreme Court of Ohio has established a three-part test to determine whether a crime is a lesser included offense of another. The court must determine that the offense is a crime of lesser degree than the other, the offense of the greater degree cannot, as statutorily defined, be committed without the offense of the lesser degree also being committed, and some element of the greater offense is not required to prove the commission of the lesser offense.[2] Improperly handling a firearm in a motor vehicle is not a lesser included offense of carrying a concealed weapon, because R.C. 2923.12 does not require proof that the defendant possessed a firearm in a motor vehicle. Thus, a person may violate R.C. 2923.12 without also violating R.C. 2923.16(B).[3]
Although the state argues that Payne failed to object to the amendment of the indictment and therefore waived any error, we disagree. There was no formal motion to amend the indictment, because the court simply held, in announcing its decision, that Payne was guilty of the "lessor includable offense" [sic] of improperly handling a firearm in a motor vehicle. Thus, Payne did not have the opportunity to address the issue of the lesser offense, and we cannot say that he waived the issue by failing to object after the trial court had announced its verdict. Because Payne was acquitted of the crime charged in the indictment, and there had been no valid amendment of that charge, the conviction entered by the trial court is hereby reversed, and the appellant is discharged.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] Middletown v. Blevins (1987), 35 Ohio App.3d 65, 67, 519 N.E.2d 846,849.
[2] State v. Kidder (1987), 32 Ohio St.3d 279, 513 N.E.2d 311, paragraph one of the syllabus.
[3] State v. Thompson (Aug. 5, 1996), Madison App. No. CA95-12-040, unreported.