The STATE of Ohio, Appellee,

v.

MOORE, Appellant.

[Cite as *State v. Moore* (2001), 145 Ohio App.3d 213.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000775.

Decided Aug. 10, 2001.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Ravert J. Clark,* for appellant.

PAINTER, Judge.

Appellant Ronald Moore was convicted of a crime he was not charged with. He appeals. We reverse his conviction and discharge him from further prosecution. We note that this is the second recent case in which a defendant walked

into court charged with one crime, but walked out convicted of a totally different offense.[1]

Moore was convicted of carrying a weapon while intoxicated, a violation of R.C. 2923.15. But he had been indicted for carrying a concealed weapon in violation of R.C. 2923.13(A). His case was tried to the bench. After deciding that the state had failed to prove that Moore's gun had been concealed, the trial court determined that carrying a firearm while intoxicated was a lesser-included offense of carrying a concealed weapon and found Moore guilty of that offense.

In his appeal, Moore raises three assignments of error. He contends that his due-process rights were violated because the crime for which he was convicted was not a lesser-included offense of the crime with which he had been charged. In his second and third assignments, Moore challenges the sufficiency and the weight of the evidence supporting his conviction.

Both parties agree that carrying a firearm while intoxicated is not a lesser-included offense of carrying a concealed weapon. This is because carrying a concealed weapon may be committed without being intoxicated. And, of course, one may be intoxicated without carrying a firearm.[2] The trial court erred by convicting Moore of an offense that was not a lesser-included offense of the charged offense.[3] Because the trial court had jurisdiction to convict Moore only of the charged offense or an acknowledged lesser-included offense, Moore's conviction is void.[4]

The state asks us to analyze this case as one in which the trial court *sua sponte* amended the indictment under Crim.R. 7(D). As part of its analysis, the state contends that Moore waived any error to the alleged amendment because he failed to object. The state's analysis is wrong. Once the trial court granted Moore's Crim.R. 29 motion, the indictment was dismissed as a matter of law, and there was no indictment to amend and no other basis upon which to proceed.[5]

---

1. See *State v. Payne* (July 25, 2001), Hamilton App. No. C–000785, unreported.

2. See *State v. Deem* (1988), 40 Ohio St.3d 205, 206, 533 N.E.2d 294, 295, paragraph three of the syllabus.

3. See *State v. Rose* (Nov. 3, 2000), Hamilton App. No. C–000287, unreported, 2000 WL 1643577. Cf. *State v. Roberts* (1982), 7 Ohio App.3d 253, 7 OBR 333, 455 N.E.2d 508.

4. See *State v. Brown* (Jan. 26, 1983), Summit App. No. 10802, unreported, 1983 WL 3954. Cf. *State v. Rose, supra* (reversal and discharge required when defendant is convicted of an offense that is not a lesser-included offense of the original charge).

5. See *Norwood v. Dewar* (June 2, 2000), Hamilton App. No. C–990711, unreported, 2000 WL 707173.

■ Even were we to adopt the state's argument that the trial court could have amended the indictment after granting Moore's Crim.R. 29 motion on the original charge, such amendment would have been erroneous. Crim.R. 7(D) provides that an indictment may be amended "at any time * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." In this case, both the name and the identity of the offense charged would have changed. Thus, any *sua sponte* "amendment" changing the name and identity of the charged offense would have been improper under Rules of Criminal Procedure.

■ Further, such amendment would have violated Moore's due-process rights.[6] As this court has explained, "fundamental decency and civilized conduct require that an accused be permitted to defend himself fairly against crimes charged to him, and to do so, it is necessary that he be fully and fairly informed of the nature and cause of the accusations against him. The fundament of such information is provided by the indictment."[7] Consequently, to subject someone to "criminal prosecution without being notified of the charge against him is foreign to American jurisprudence."[8]

■ As to whether Moore could have waived the alleged amendment, we conclude that he could not have. The state cites *State v. Skelly*,[9] an unreported case from Montgomery County, in which the trial court evidently amended a charge to one that did not involve a lesser-included offense. The appellate court seemed to consider the issue implicitly waived. We disagree that such a waiver may be inferred here from Moore's passivity.

■ First, any inferred waiver would result in agreeing that carrying a firearm while intoxicated is a lesser-included offense of carrying a concealed weapon. Whether an offense is a lesser-included offense of another involves a

6. See *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 519 N.E.2d 846.

7. *State v. Killings* (May 29, 1998), Hamilton App. No. C–970167, unreported, 1998 WL 272959.

8. See *Middletown v. Blevins, supra,* at 67, 519 N.E.2d at 849. See, also, *State v. Killings, supra; State v. Crooks* (Dec. 12, 1984), Hamilton App. No. C–840184, unreported, 1984 WL 7110. Cf. *State v. Ballard* (Dec. 18, 1985), Hamilton App. No. C–850176, unreported, 1985 WL 4505 (defendant not required to move for continuance under Crim.R. 7[D] to avoid more serious charge under a "judicial amendment" of the indictment because of the violation of overriding constitutional concerns).

9. See *State v. Skelly* (Dec. 7, 1992), Montgomery App. No. 13306, unreported, 1992 WL 361833.

rule of law, and the parties cannot change the law.[10]   Second, "where a defendant is charged with an offense and the government wishes to amend that charge to another offense which is neither the same offense in name or identity nor a lesser included offense to the original charge, unless the defendant agrees to waive service of another charging instrument, he must be served with a new charging instrument (indictment, information, or complaint) setting forth the nature of the charge against him." [11]

Further, we conclude that the state failed to prove that Moore was guilty of having a firearm while intoxicated.   After the state had finished questioning its sole witness, the trial court asked the witness whether the witness had noticed that Moore was under the influence of alcohol, and what the witness's conclusions would be as to whether Moore was under the influence of alcohol.   It was obvious that Moore was not aware that he was being tried for having a firearm while intoxicated.   Moore's defense was that the weapon was not concealed.   It is also obvious that the state was not aware that it was trying Moore for having a firearm while intoxicated, because the *state* put on no evidence that proved Moore had used a firearm while intoxicated.   In fact, the evidence of intoxication·was probably insufficient as a matter of law, but we need not reach that issue.

Thus, we sustain Moore's first assignment, reverse the judgment of conviction, and order that Moore be discharged.   Based on our disposition of Moore's first assignment, we need not address his remaining assignments.[12]

*Judgment reversed*
*and appellant discharged.*

DOAN, P.J., and HILDEBRANDT, J., concur.

---

**10.**   Accord *State v. Moore* (Oct. 29, 1999), Montgomery App. No. 17666, unreported, 1999 WL 980346 (parties cannot stipulate to an erroneous amendment).

**11.**   See *Middletown v. Blevins, supra,* at 67, 519 N.E.2d at 849.

**12.**   See App.R. 12(A)(1)(c).