[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Aaron Caudill appeals the judgment of the Hamilton County Court of Common Pleas convicting him of resisting arrest pursuant to R.C.2921.33(B), a misdemeanor of the first degree. For the following reasons, we reverse the trial court's judgment and order Caudill discharged from further prosecution in this case.
Caudill was charged in a six-count indictment with one count of felonious assault, one count of assault on a peace officer, two counts of inciting to violence, and one count of aggravated riot. Prior to the commencement of a bench trial, the state dismissed all the counts except the one charging assault on a peace officer. The case then proceeded to trial. At the close of the state's evidence, Caudill moved for an acquittal under Crim.R. 29. The trial court acquitted Caudill of the assault charge, but allowed the case to proceed on the reduced charge of resisting arrest. After the defense presented its evidence, the trial court found Caudill guilty of resisting arrest and sentenced him as appears of record.
On appeal Caudill raises four assignments of error. We first address his second assignment of error. In that assignment, Caudill argues that the trial court erred in acquitting him of the "assault on a peace officer" charge, but finding him guilty of resisting arrest, because resisting arrest is not a lesser-included offense of assault on a peace officer.
In response, the state contends that the trial court sua sponte amended the indictment, and that the amendment was appropriate given that the two offenses were substantially similar and arose out of the same set of facts. The state additionally argues that Caudill waived his right to challenge the amendment because he could have asked for a continuance, but chose not to do so. We disagree.
Crim.R. 7(D) permits a trial court to amend an indictment during trial as long as the amendment does not change the name or identity of the crime charged. Ohio courts have held that amending the original charge in an indictment to a lesser-included offense does not change the name or identity of an offense.[1] Thus, a trial court may amend the original indictment during trial if the amended charge is a lesser-included offense of the original charge.[2]
In determining whether an offense is a lesser-included offense of another, a trial court must examine (1) whether the offense carries a lesser penalty than the other; (2) whether the greater offense, as statutorily defined, can ever be committed without the lesser offense also being committed; and (3) whether one or more elements of the greater offense are required to prove the commission of the lesser offense.[3]
In the present case, the trial court acquitted Caudill of the assault charge. It then reduced the assault charge to resisting arrest. Once the trial court granted Caudill's motion for acquittal, the indictment was dismissed as a matter of law, and there was no indictment to amend.[4]
Furthermore, even if the trial court could have amended the indictment, such an amendment would have been erroneous under Crim.R. 7(D), given that resisting arrest is not a lesser-included offense of assault on a peace officer.[5]
Resisting arrest requires proof that a defendant recklessly or by force resisted or interfered with a lawful arrest,[6] while the assault involved in this case does not. Assault, as charged in this case, requires proof that the offender knowingly caused physical harm to a peace officer,[7] whereas the crime of resisting arrest does not. Therefore, an individual can commit the offense of assault without committing the crime of resisting arrest.[8] Thus, any sua sponte
amendment by the trial court was improper given that the amendment changed the name and identity of the original charge. We also reject the state's contention that Caudill could have waived the alleged amendment based on our reasoning in State v. Moore.[9]
Because the trial court had jurisdiction to convict Caudill only of the charged offense or an appropriate lesser-included offense, Caudill's conviction is void. Therefore, we sustain Caudill's second assignment of error, reverse the judgment of conviction, and order
that Caudill be discharged from further prosecution in this case. Based on our disposition of Caudill's second assignment, we need not address his remaining assignments challenging his conviction for resisting arrest.[10]
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.
[1] See Middletown v. Blevins (1987), 35 Ohio App.3d 65, 67,519 N.E.2d 846, 849.
[2] See State v. Briscoe (1992), 84 Ohio App.3d 569, 572, 617 N.E.2d 747,749.
[3] See State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus.
[4] See Norwood v. Dewar (June 2, 2000), Hamilton App. No. C-990711, unreported; State v. Moore (Aug. 10, 2001), Hamilton App. No. C-000775, unreported.
[5] See State v. Matusic (Aug. 23, 1999), Belmont App. No. 96-BA-48, unreported; State v. Beard (Dec. 14, 1998), Butler App. No. CA98-02-019, unreported; State v. Ridley (Oct. 27, 1997), Stark App. No. 1997CA00098, unreported.
[6] See R.C. 2921.33(B).
[7] See R.C. 2903.13(A).
[8] See fn. 5, supra.
[9] (Aug. 10, 2001), Hamilton App. No. C-000775, unreported.
[10] See App.R. 12(A)(1)(c).