The STATE of Ohio, Appellee,

v.

DAUGHERTY, Appellant.

[Cite as *State v. Daugherty,* 166 Ohio App.3d 551, 2006-Ohio-1133.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21068.

Decided March 10, 2006.

---

552

Raymond J. Dundes, Trotwood Prosecuting Attorney, for appellee.

Janet R. Sorrell, Assistant Public Defender, for appellant.

DONOVAN, Judge.

{¶ 1} This matter is before the court on the notice of appeal of Anthony Daugherty, filed April 4, 2005. Daugherty was charged with one count of domestic violence, a misdemeanor of the first degree, in violation of R.C. 2919.25, after his arrest for beating his girlfriend, Stephanie Higgins. Following a trial, the trial court ruled that the state had failed to prove that Higgins was a family or household member of Daugherty's, a required element of the crime of domestic violence. The trial court found that assault is a lesser included offense of misdemeanor domestic violence and entered a guilty finding on assault. Daugherty asserts one assignment of error herein as follows:

{¶ 2} "The trial court incorrectly found that assault is a lesser included offense of domestic violence."

{¶ 3} The domestic-violence statute, R.C. 2919.25, provides: "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member." Assault is proscribed by R.C. 2903.13, which provides: "(A) No person shall knowingly cause or attempt to cause physical harm to another * * *. (B) No person shall recklessly cause serious physical harm to another * * *."

{¶ 4} When an indictment charges an offense, and if other offenses are included within the offense charged, a defendant may be found not guilty of the charged offense but guilty of a lesser included offense. R.C. 2945.74. One offense may be a lesser included offense of another if (1) the offense at issue carries a lesser penalty than the offense charged, (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense as statutorily defined, also being committed, and (3) one or more elements of the greater offense are not required to prove the lesser offense. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294. "Whether an offense is a lesser-included offense * * * involves a rule of law, and the parties cannot change the law." *State v. Moore*, 145 Ohio App.3d 213, 216–217, 762 N.E.2d 430.

{¶ 5} The second and third prongs of the *Deem* test are met as to the assault charge. All of the elements required to prove an assault are required to prove domestic violence, and proof of domestic violence further requires proof of the defendant's status as a family or household member of the victim. At issue is the first prong of the *Deem* test. The state concedes that both the domestic-violence charge and the assault charge in this matter are first-degree misdemean-

ors. The state argues, however, that the penalty imposed for assault is a lesser penalty than the penalty imposed for domestic violence, because "[a] conviction for Domestic Violence, M–1, carries the same penalties, but with additional consequences," including "enhanced bail considerations, the possibility of a second offense becoming a felony, and the convicted's inability to have the conviction expunged from his record."

{¶ 6} Although we have previously suggested that assault may be a lesser included offense of domestic violence, we did so in a case easily distinguishable from the matter herein. *State v. Moore*, 163 Ohio App.3d 23, 2005-Ohio-4531, 836 N.E.2d 18. In *Moore*, the defendant, unlike Daugherty, had been previously convicted of domestic violence and was accordingly charged with a felony of the fifth degree, which carries a possible prison term of six to 12 months. Daugherty, however, had no previous convictions for domestic violence and was charged initially by complaint for domestic violence, a misdemeanor of the first degree.

{¶ 7} A penalty is "[p]unishment imposed on a wrongdoer, usually in the form of imprisonment or fine." Black's Law Dictionary (8th Ed.2005) 1168. The additional consequences the state associates with a domestic-violence charge or conviction are not penalties. Bond is a pretrial condition of release, not a penalty. Expungement is a remedial measure, civil in nature, designed as a privilege for a limited number of offenders. The lack of availability of expungement is not a penalty. Rather, it is a consequence due to the nature of the crime. Lastly, the fact that a second domestic-violence offense may result in a felony filing and conviction is contingent upon the occurrence of future bad conduct that may never occur. Thus, such a possible consequence cannot be deemed a penalty. As misdemeanors of the first degree, the domestic-violence and assault charges herein each carry an identical maximum penalty of six months in jail and a $1,000 fine; thus, the first prong of the *Deem* test is not met.

{¶ 8} Since assault is not a lesser included offense of domestic violence, Daugherty's assault conviction violated his right to due process. " '[F]undamental decency and civilized conduct require that an accused be permitted to defend himself fairly against crimes charged to him, and to do so, it is necessary that he be fully and fairly informed of the nature and cause of the accusations against him. The fundament of such information is provided by the indictment.' Consequently, to subject someone to 'criminal prosecution without being notified of the charge against him is foreign to American jurisprudence.' " *Moore*, 145 Ohio App.3d at 216, 762 N.E.2d 430, quoting *State v. Killings* (May 29, 1998), Hamilton App. No. C–970167, 1998 WL 272959. "[W]here a defendant is charged with an offense and the government wishes to amend that charge to another offense which is neither the same offense in name or identity nor a lesser included offense to the original charge, unless the defendant agrees to waive service of

another charging instrument, he must be served with a new charging instrument (indictment, information, or complaint) setting forth the nature of the charge against him." *Moore* at 217, 762 N.E.2d 430.

{¶ 9} The trial court erred in determining that assault is a lesser included offense of misdemeanor domestic violence, and Daugherty's sole assignment of error is sustained. The judgment is reversed, and the defendant is discharged.

Judgment reversed.

BROGAN and FAIN, JJ., concur.