OPINION
{¶ 1} Defendant-appellant, David Lane Scott, appeals his conviction in the Hamilton Municipal Court for assault.
 {¶ 2} On February 17, 2008, Jacqueline Noe called the Hamilton Police Department after getting into an argument with appellant, who was her boyfriend. Officer Derek Fryman responded to an apartment where Noe and appellant lived, and observed that Noe appeared extremely distraught. Noe reported to Officer Fryman that she and appellant had been *Page 2 
fighting and that appellant grabbed her, pushed her down, and struck her in the face. Appellant admitted that he and Noe had been in a physical altercation.
 {¶ 3} Appellant was arrested and charged with domestic violence in violation of R.C. 2919.25. After a bench trial, the trial court found that appellant was guilty of assault as a lesser included offense of misdemeanor domestic violence. Appellant appeals his conviction, raising the following assignment of error:
 {¶ 4} Assignment of Error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING APPELLANT GUILTY OF ASSAULT."
 {¶ 6} In his assignment of error, appellant argues the trial court incorrectly found him guilty of committing assault. Appellant maintains assault is not a lesser included offense of misdemeanor domestic violence.
 {¶ 7} Criminal defendants have a basic constitutional due process right to notice of the offense charged. State v. Watson,154 Ohio App.3d 150, 2003-Ohio-4664, ¶ 17, citing Schmuck v. United States (1989), 489 U.S. 705, 717-718, 109 S.Ct. 1443. However, a trier of trier of fact may consider lesser included offenses of a charged offense, and if the offense is a lesser included offense of the charged offense, notice is presumed. R.C. 2945.74; Crim. R. 31(C); State v. Deem (1988),40 Ohio St.3d 205.
 {¶ 8} "An offense may be a lesser-included offense of another if: (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and, (3) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Accord, Fayette App. No. CA2005-05-019, 2006-Ohio-2250, ¶ 5, citing Deem, paragraph three of the syllabus.
 {¶ 9} Appellant was charged with misdemeanor domestic violence in violation of *Page 3 
R.C. 2919.25, which provides, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." However, the trial court found appellant guilty of assault in violation of R.C. 2903.13, which provides, "[n]o person shall knowingly cause or attempt to cause physical harm to another [or] * * * recklessly cause serious physical harm to another * * *."
 {¶ 10} At appellant's trial, the trial court stated, "I'm going to make the finding that [appellant] is guilty of the lesser included charge of assault because I don't find that the state has proven [the victim is a] family member. * * * I think there's more that needs to be proven other than just the fact that people have resided together and so * * * I'm going to make the finding that he's guilty of the charge of assault * * *." In making these findings, the trial court implicitly acquitted appellant of domestic violence, and convicted him of assault. Also, the trial court's judgment entry erroneously states that appellant pleaded not guilty to the charge of assault, when in fact appellant pleaded not guilty to the charge of domestic violence.
 {¶ 11} We find that the trial court erred in convicting appellant of assault. In State v. Daugherty, 166 Ohio App.3d 551, 2006-Ohio-1133, the Second Appellate District expressly held that assault is not a lesser included offense of misdemeanor domestic violence. Specifically, the court in Daugherty at ¶ 5-7 held:
 {¶ 12} "The second and third prongs of the Deem test are met as to the assault charge. All of the elements required to prove an assault are required to prove domestic violence, and proof of domestic violence further requires proof of the defendant's status as a family or household member of the victim. At issue is the first prong of theDeem test. * * * As misdemeanors of the first degree, the domestic violence and assault charges herein each carry an identical maximum penalty of six months in jail and a $1,000 fine; thus, the first prong of the Deem test is not met."
 {¶ 13} Since assault is not a lesser included offense of misdemeanor domestic *Page 4 
violence, and appellant was never formally charged with assault, it was error for the trial court to find appellant guilty of assault. Accordingly, we sustain appellant's assignment of error.
 {¶ 14} Judgment reversed and appellant is discharged.
WALSH and RINGLAND, JJ., concur. *Page 1