**VILLAGE OF WAYNESVILLE, Appellee,**

v.

**COMBS, Appellant.**

[Cite as *Waynesville v. Combs* (1990), 66 Ohio App.3d 292.]

Court of Appeals of Ohio,
Warren County.

No. CA89–06–033.

Decided March 5, 1990.

*Christopher J. Cornyn,* Village Solicitor, for appellee.

*Fowler & Rittgers* and *Charles H. Rittgers,* for appellant.

KOEHLER, Judge.

Defendant–appellant, Regina M. Combs, appeals from a jury conviction in the Warren County Court on March 28, 1989. Appellant was found guilty of one count each of obstructing official business and disorderly conduct, and was sentenced to twenty days' imprisonment—ten on each offense—and a $100 fine on each offense, with seventeen days suspended.

The facts giving rise to appellant's conviction occurred on October 8, 1988 when appellant was driving out of her hometown of Waynesville on her way to go horseback riding. The village was sponsoring its annual sauerkraut festival and the streets were filled with both pedestrian and automobile traffic. Appellant drove through an intersection, apparently ignoring the instruction of an officer directing traffic who signaled her to stop.

Officer Vincent Lovejoy, who was on temporary duty in Waynesville, was sitting nearby on his motorcycle when he saw appellant go through the intersection. He followed her on to U.S. Route 42. Driving alongside appellant, he motioned for her to pull off of the road. After she did so, he approached the car and sought identification, which she did not give, allegedly because she had left her wallet at home.

Appellant's and Lovejoy's accounts of what happened next diverge sharply. Appellant claims the officer immediately and without provocation reached into her car and grabbed her keys out of the ignition. Frightened and still not certain the officer was actually a policeman, appellant grabbed his wrist as he

went for the keys, pulling off his watch and scratching his hand in the process. She claims he then hauled her out of the car, pushed her face down onto the trunk and handcuffed her, ripping her shirt and ignoring her cries that she was three months' pregnant.

By contrast, Lovejoy testified that appellant had stated she "didn't have time for this shit" and twice attempted to put the car in gear and drive away before he had to resort to removing the keys. According to Lovejoy, appellant continuously threatened and cursed at him as he attempted to elicit information from her. When it became clear to him she was not going to calm down and cooperate, he called for a back-up and arrested her. Lovejoy claimed her shirt ripped due to her struggle, and that he was not unnecessarily rough in his treatment of her.

Appellant was subsequently charged with disorderly conduct in violation of the Waynesville General Offenses Code, Section 648.04(a)(2); failure to comply with an order of a police officer in violation of Section 404.01; obstructing official business in violation of Section 606.14; and, resisting arrest in violation of Section 404.02. The matter was tried in the Waynesville Mayor's Court, which resulted in appellant's conviction on all four charges. Appellant then sought and received a trial *de novo* in the Warren County Court which resulted in a jury conviction and sentence for disorderly conduct, under Section 648.04(a)(1), and obstructing official business, with appellant gaining acquittal by the trial court on the remaining two charges.

█ Appellant then filed the instant appeal, raising the following assignments of error:

First assignment of error:

"The trial court erred to the prejudice of appellant in granting the motion of the Village of Waynesville, made at the close of the village's case, seeking to amend the charge of disorderly conduct from a violation of Section 648.04(a)(2) of the Waynesville Ordinances to a violation of Section 648.04(a)(1)."

Second assignment of error:

"The sentence imposed by the trial court as a result of appellant's conviction for disorderly conduct was excessive and improper."

Third assignment of error:

"The trial court erred to the prejudice of appellant in convicting her of obstructing official business."

Fourth assignment of error:

"The trial court erred to the prejudice of appellant in entering convictions upon both the charge of obstructing official business and disorderly conduct."

Fifth assignment of error:

"The trial court erred to the prejudice of appellant by imposing a penalty upon her exercising her right to a jury trial."

For her first assignment of error, appellant argues the trial court erred in permitting the amendment of the charge against her from one form of disorderly conduct to another. Section 648.04 of the Waynesville General Offenses Code reads, in part:

"(a) No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

"(2) Making unreasonable noise or offensively coarse utterance, gesture or display or communicating unwarranted and grossly abusive language to any person * * *."

Appellant was originally charged with violating Section 648.04(a)(2); however, the trial court permitted the village of Waynesville to amend the charge to a violation of Section 648.04(a)(1) before sending the case to the jury.

In asserting the trial court erred in doing so, appellant relies upon *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 519 N.E.2d 846, in which this court held that the defendant must be served with a new charging instrument where the government seeks to amend a charged offense "which is neither the same offense in name or identity nor a lesser included offense." *Id.* at 67, 519 N.E.2d at 849. Because we find the original offense charged in the case at bar broadly included both language and action, we find the trial court did not err in granting the amendment.

Although the original charging instrument specifies Section 648.04(a)(2), involving offensive language, the charge includes the phrase "disorderly conduct." The judgment entry incorporating the verdict indicates the jury found appellant "[g]uilty in the manner as she stands chagned [*sic*] in the compalint [*sic*] for Disorderly Conduct." Section 648.04(e) reads, in part: "Whoever violates any of the provisions of this section is guilty of disorderly conduct, a minor misdemeanor." Therefore, regardless of the description of appellant's activity, she was convicted generally of disorderly conduct. Thus, unlike the situation in *Blevins* where the prosecution had amended the charge from driving under the influence of alcohol or drugs to failure to maintain reasonable control, the general offense with which appellant was charged remained the same. We therefore overrule appellant's first assignment of error.

■ Appellant's second assignment of error alleges an error in the jury instruction resulted in the lack of a fourth degree misdemeanor conviction, making the sentence imposed improper. We agree that the trial court could not impose a sentence appropriate to a fourth degree misdemeanor conviction under these facts and so sustain appellant's second assignment of error.

Section 648.04(e) provides, in part:

"If the offender persists in disorderly conduct after reasonable warning or request to desist, disorderly conduct is a misdemeanor of the fourth degree. Punishment shall be as provided in Section 698.02. (ORC 2917.11)."

Failure to desist is thus an essential finding to sustain a fourth degree misdemeanor disorderly conduct conviction. In order to sentence appellant to imprisonment, the trial court had to have relied upon a fourth degree misdemeanor conviction. R.C. 2929.21(C); R.C. 2929.21(D). Because the trial court was required to instruct the jury as to the failure to desist element of the fourth degree misdemeanor of disorderly conduct, appellant's sentence was plainly erroneous. See *State v. Bridgeman* (1977), 51 Ohio App.2d 105, 113, 5 O.O.3d 275, 279, 366 N.E.2d 1378, 1384 (omission of element of offense in charge to jury results in plain error). We therefore sustain appellant's second assignment of error.[1]

■ Appellant's third and fourth assignments of error raise issue with the nature of the charges brought against her. Appellant argues the specific crime of resisting arrest should have been preferred over the general crime with which she was actually charged, obstructing official business. She also alleges that obstructing official business and disorderly conduct require a separate animus, which she lacked.

We find that the events surrounding commencement of the criminal action against appellant can be separated into several distinct courses of action. First, appellant disobeyed a traffic signal. Second, she refused to give information to the officer investigating the first incident. Third, she was hostile and abusive, injuring the officer and resisting arrest.

Lovejoy testified his original purpose in detaining appellant was to investigate what had appeared to be a traffic violation. He did not pull appellant over in order to arrest her. Neither did he request identification in order to arrest her. Her failure to cooperate constituted an obstruction of official business. Merely because her continued defiance led to an arrest does not require the village to have instead charged her with resisting arrest. Appel-

---

1. We note that appellant's sentence on the conviction for the second degree misdemeanor of obstructing official business is not affected by our finding of error in her disorderly conduct sentence.

lant cites *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818, for the notion that where the legislature has created a specific offense for a prohibited activity, a defendant may not be charged with a general offense. *Volpe* required, however, that the two charges be irreconcilable. *Id.* at 193, 527 N.E.2d at 820. Here, the two potential charges were reconcilable because they would have been based upon two entirely separate actions. Therefore, it was not error to convict appellant of obstrucing official business instead of resisting arrest.

■ Both obstructing official business and disorderly conduct convictions were appropriate because they were not allied offenses of similar import and were based on separate conduct by appellant. R.C. 2941.25(A) prohibits punishment for two crimes where both are considered allied offenses of similar import. *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520, 522. If the elements of the two offenses "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." *Id.*, citing *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817.

Clearly, the two offenses in the case at bar were not allied offenses of similar import under this test. "Disorderly conduct" is defined as recklessly causing inconvenience, annoyance or alarm to another through language or action. Obstructing official business involves the purposeful performance of any act which impedes a public official in carrying out his duties.

It is possible to commit one offense without committing the other; therefore, the two are not allied offenses of similar import.

■ Moreover, as stated above, the trial court found the two charges were based upon separate conduct. Where two crimes are committed separately or a separate animus exists for each, a conviction for both offenses is legal. *Id.* We thus overrule appellant's third and fourth assignments of error.

Appellant's fifth assignment of error alleges the severity of the trial court's sentence resulted from the court's intention to penalize appellant for exercising her right to a jury trial. Appellant asserts that during a pre-trial conference on March 15, 1989, the trial court indicated that if appellant chose to try her case before a jury, and a conviction resulted, a punishment more severe than a "slap on the wrist" would be merited.

■ Clearly, the trial court was not permitted to impose a harsher sentence as a penalty against appellant following a breakdown in plea negotiations. *Columbus v. Bee* (1979), 67 Ohio App.2d 65, 75, 21 O.O.3d 371, 378, 425 N.E.2d 409, 416; *United States v. Stockwell* (C.A.9, 1973), 472 F.2d 1186, 1187–1188, certiorari denied (1973), 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409.

In such cases, a reviewing court will rely upon the record to determine whether the sentence resulted from the trial court's desire to punish the defendant for exercising his constitutional rights or from the trial court's consideration of the facts of the case. *Bee, supra.*

We do not have a transcript before us of the pre-trial conference cited by appellant. We are thus unable to consider exactly what the trial court may have said or implied on this issue and must presume the regularity of proceedings in the trial court. *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515. We therefore overrule appellant's fifth assignment of error.

Having concluded that appellant's conviction must stand but that her sentence was improperly based upon the trial court's understanding that a conviction for a fourth degree misdemeanor had occurred, we affirm the jury conviction but remand for resentencing.

*Judgment accordingly.*

JONES, P.J., and HENDRICKSON, J., concur.