Appellant, State of Ohio, appeals the decision of the East Liverpool Municipal Court dismissing a charge of resisting arrest, a violation of R.C. 2921.33, against defendant-appellee, Mark Collins.
On January 10, 1997, officers from the East Liverpool Police Department responded to a dispatch informing them that a fight was afoot at a residence on Columbia Street, East Liverpool. Upon their arrival, police officers reported hearing commotion, profanity and loud yelling and a car spinning its tires as it left the scene. The driver of the car was later determined to be appellee's brother. As the officers reached the source of the commotion, they witnessed appellee yelling threats and profanity in the direction of the vehicle that was speeding away. The police officers also reported that children were present at the scene, as well as appellee's wife. Although unknown to the officers at the time, it appears that appellee's wife had called for police help because of a dispute between appellee and his brother.
The officers requested several times that appellee be quiet and calm down, with apparently little success. Appellee was informed he would be arrested and when he continued to yell vulgarities he was advised that he was under arrest. Appellee responded that he was not under arrest and began walking to his residence. The officers followed appellee into his residence in their efforts to arrest him. Inside the house, the officers used night sticks and mace in their efforts to place appellee in handcuffs. Officer Martin Ward testified that appellee received a total of three blows from a night stick while appellee's wife claimed the number was considerably higher. Appellee was eventually subdued, handcuffed and taken into custody. Ultimately appellee was charged with three offenses: resisting arrest, a violation of R.C. 2921.33, disorderly conduct, a violation of R.C. 2917.11(A); and obstructing official business, a violation of R.C. 2921.31.
On March 10, 1997, appellee filed a Motion to Dismiss and/or Suppress Evidence requesting the dismissal of all charges and suppressing all physical evidence and statements made by appellee. The basis for the motion was that appellee's warrantless arrest was made without probable cause. The following day a hearing on the motion was held at which both parties presented witnesses. At the conclusion of the testimony, the trial court requested both parties to submit briefs on the remaining legal issues which, according to the journal entry filed after the hearing, were three-fold: 1) whether the police officers' warrantless entry into appellee's home was in violation of the Fourth Amendment; 2) whether profanity was enough to support the disorderly conduct charge; and 3) whether the resisting arrest charge could stand if the disorderly conduct charge was improperly filed. Both parties filed briefs with the trial court on these issues and another hearing was held on April 17, 1997 at the end of which the trial court ruled as follows:
 "The Court finds that defendant disputes whether he uttered any profanity toward a person driving away in a car, but even if the defendant did, the law is clear that does not constitute a Disorderly Conduct charge. See State v. Hoffman, 57 Ohio St.2d 129, 387 N.E.2d 39 (1979) and City of Youngstown v. Jackson Case No. 92 C.A. 70 (1995 7th Dist. Crt. App.) and other cases cited in Defendant's brief. Therefore, the Disorderly Conduct charge is dismissed for lack of probable cause.
 "It is a question of fact whether the resisting arrest charge occurred (sic.). On this charge the facts are greatly in dispute. The issue of resisting arrest shall be decided by the trier of fact. See City of Youngstown v. Jackson, 7th Dist. Crt. App. Supra and U.S. v. Santana, 427 U.S. 38
permits a warrantless (sic.) entry under these facts."
In the journal entry filed the following day, the trial court stated that the disorderly conduct charge was dismissed, but that the resisting arrest and obstructing official business charges would proceed to trial.
On June 23, 1997, appellee filed a Motion to Reconsider his previous Motion to Dismiss and/or Suppress Evidence on the remaining charges. The hearing on this motion was held on the following day, June 24, 1997. The trial court took the matter under advisement and on July 16, 1997 dismissed the resisting arrest charge. It is the dismissal of this charge that appellant appeals, bringing three assignments of error, the first of which states:
 "The trial court erred in dismissing the charge of resisting arrest which had a reasonable and lawful basis for prosecution."
We note at the outset that appellee has failed to file a brief in this matter. As such, pursuant to App. R. 18(C) this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action. We note also that appellant does not appeal the trial court's dismissal of the disorderly conduct charge, but claims as error the dismissal of the resisting arrest charge only.
Appellant argues that the current position of this court is that a charge of resisting arrest can be validly prosecuted even if the accompanying charge of disorderly conduct is found to have no reasonable basis. Appellant relies on City ofYoungstown v. Jackson (Mar. 30, 1995), Mahoning App. No. 92 C.A. 70, unreported, for the proposition that a resisting arrest charge can be successfully prosecuted regardless of the disposition of any or all accompanying charges.
Appellant points out that while R.C. 2921.33 requires that an arrest be "lawful" before a charge of resisting arrest can be prosecuted, the word "arrest" has a broader meaning than full custodial arrest (citing State v. McCrone [1989], 63 Ohio App.3d 831). According to appellant, an arrest can range from a brief investigative stop, to a detention, all the way up to full custodial arrest. Appellant cites Terry v. Ohio
(1968), 392 U.S. 1, for the proposition that a reasonableness test is used to determine whether an arrest, stop, seizure or detention is lawful and notes that under Terry, less than probable cause is required when an officer makes a brief detention. As such, appellant appears to argue that a lawful arrest for purposes of R.C. 2921.33 does not require that an officer have probable cause for a full custodial arrest.
Relying on McCrone, supra, appellant argues that resistance to a lawful detention is sufficient to constitute resisting arrest in violation of R.C. 2921.33. According to appellant,McCrone stands for the proposition that "arrest" in the resisting arrest statute includes those seizures falling short of full custodial arrest that occur whenever a show of force or authority is used to limit a person's freedom of movement.
In the present case, appellant notes that the officers attempted to detain appellee in order to determine who he was and his connection to the commotion at the scene. According to appellant, appellee should have been aware that he was being temporarily "arrested" for the purpose of a brief questioning.
Because appellee resisted this lawful detention, appellant argues that the officers were justified in placing appellee under full custodial arrest.
Finally, appellant argues that the facts which provide the basis of the resisting arrest charge are completely independent of the facts giving rise to the underlying charges of disorderly conduct and obstructing official business. As such, the resisting arrest charge should be amenable to prosecution in and of itself.
Resisting arrest is defined by R.C. 2921.33 which states in pertinent part:
"Resisting arrest.
 "(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
The statute specifically refers to a "lawful arrest", which is an essential element of the offense. State v. Thompson
(1996), 116 Ohio App.3d 740, 743. Although the arrest must be "lawful", it is not necessary for the state to prove that the defendant was in fact guilty of the offense for which the arrest was made to uphold a conviction for resisting arrest.State v. Sansalone (1991), 71 Ohio App.3d 284, 285. Rather, in determining the lawfulness of the arrest, the state must show there was a reasonable basis for it. See Thompson, supra. The "reasonable basis" test considers whether a reasonable police officer under similar circumstances would have concluded that the defendant committed a crime suitable for arrest. GarfieldHts. v. Simpson (1992), 82 Ohio App.3d 286, 291.
In connection with the arrest for disorderly conduct, the appropriate standard for a lawful arrest is whether the police officers had reasonable grounds to believe that appellant was recklessly causing inconvenience, annoyance or alarm to the officers by his abusive language and that his language and conduct was likely to provoke a violent response. State v.Maynard (1996), 110 Ohio App.3d 6, 10; State v. Johnson
(1982), 6 Ohio App.3d 56, 57, (citing Coffel v. Tayor [1978], 8 O.O.3d 253). As the court in State v. Lamm (1992),80 Ohio App.3d 510, 513, stated:
 "A person may not be punished for speaking boisterous, rude or insulting words, even with the intent to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of the peace."
With regard to the second offense, a prosecution for obstructing official business requires both an illegal act which quickens the duty of the police officer to enforce the law and interference with intent to impede that enforcement.Simpson, supra, at 291. Hence, in order for there to be a "lawful arrest" for purposes of R.C. 2931.33, in connection with the obstruction charge, the police officers must have reasonably believed that appellant had performed some affirmative act that impeded them in the execution of their duty, and that appellant intended this result.
We note that the trial court dismissed the disorderly conduct charge for lack of probable cause, a determination not appealed by appellant and one we do not dispute. Because the trial court ruled that there was no reasonable basis for the disorderly conduct charge, appellee's arrest for this charge was not lawful. The disposition of the obstruction charge is unclear from the record. Appellant claims it too was dismissed, but does not assign this as error. From our review of the hearing transcript it appears that the officers had no rational basis for arresting appellant on either of the underlying charges. As such, the essential element of "lawful arrest" in the language of R.C. 2921.33 cannot be proved. Because appellant was arrested without a reasonable basis it follows that he cannot be convicted for resisting arrest pursuant to R.C. 2921.33.
Appellant's reliance on Jackson, supra, is not entirely unfounded. In Jackson the defendant was convicted of disorderly conduct and resisting arrest. On appeal, this court reversed the disorderly conduct conviction finding that uttering profanity was not sufficient to sustain a conviction for disorderly conduct. With regards to the resisting arrest conviction, this court noted that to sustain a charge of resisting arrest the arresting officer must have probable cause to believe that the defendant's conduct amounted to an offense. This court went on to rule as follows:
 "The police attempted to arrest appellant. He fought with them in a crowded room where his actions very well may have led to a very serious likelihood of the officers being at risk if others had joined in the fray. It took three officers to subdue him. This is sufficient as to the resisting arrest charge." Jackson, at 3
In Jackson, this court did not consider the fact that a lawful arrest is an essential element of a resisting arrest charge. Because uttering vulgarity was deemed not likely to inflict injury or provoke the average person to an immediate retaliatory breach of the peace, presumably, there was no rational basis to arrest defendant for disorderly conduct. We take this opportunity to make clear that which was not clear inJackson, namely, that a charge of resisting arrest requires as one of its elements, the existence of a lawful arrest.
Appellant appears to argue that "lawful arrest" in the resisting arrest statute should be read to include situations falling short of full custodial arrest. In support of this argument, appellant directs our attention to McCrone, supra, in which the court of appeals reversed the defendant's conviction for obstructing official business but nonetheless affirmed his conviction for resisting arrest. The facts in McCrone indicate that the defendant was stopped by police as he left the scene of a burglary and was asked to identify himself. The court ruled that this was a permissible investigative stop of the kind approved of in Terry. The court of appeals noted that:
 "We cannot say that where a police officer knows that the defendant, a likely participant in criminal activity, has documentation of his identity in his possession but refuses to produce such documentation, that it is improper for the officer to physically detain the defendant until he produces such documentation. Moreover, resisting such a lawful detainment is sufficient to constitute a violation of R.C. 2921.33(A)." See McCrone, at 837. (Emphasis added.)
We are not persuaded by, nor do we find any additional support for this proposition. See Katz, Ohio Arrest, Search and Seizure (1998) 134, Section 7.03 (noting that the rationale for upholding the resisting arrest conviction in McCrone is questionable). The resisting arrest statute is clearly worded and refers to a "lawful arrest", not a lawful detention or any other seizure short of custodial arrest. The statute defining the offense is clear and unambiguous on its face and we decline to engraft a new meaning onto it. See Johnson, supra, at 57. Rather, we believe the correct position was well stated inState v. McCullough (1990), 61 Ohio Misc.2d 607,610, wherein Judge Souers stated:
 "to hold that fleeing from an officer under Terry circumstances constitutes resisting arrest would be to apply a new standard for warrantless arrests: not probable cause, but the Terry standard of articulable suspicion."
Without commenting on the legality of appellant's detention in this case, we note only that the charge of resisting arrest must stand or fall on whether appellant's arrest on the underlying charges was "lawful". Based on the foregoing, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "The trial court erred in dismissing the charge of resisting arrest before trial based on a lack of probable cause."
Appellant's argument under this assignment is that Ohio criminal procedure does not provide for dismissal of a charge based on a lack of probable cause to arrest the defendant. Relying on City of Kettering v. Hollen (1980), 64 Ohio St.2d 232, appellant notes that where an arrest is unlawful the appropriate remedy is suppression of evidence obtained, not dismissal of the charge. Hence, according to appellant, if the dismissal of the resisting arrest charge was for lack of probable cause, then the evidence should have been suppressed and the case should have proceeded to trial.
Appellant appears to misunderstand the connection between the resisting arrest charge and the underlying charges of obstructing official business and disorderly conduct. It is the latter charge that was dismissed for lack of probable cause to arrest. As we have already noted, appellant does not assign this as error, and we do not address it. Although appellant contends in its brief that the obstruction charge was also dismissed, as we have also noted above, the record is unclear regarding its disposition. In any event, the record does not indicate that the resisting arrest charge was dismissed for lack of probable cause to arrest, but rather because appellant was unable to prove an essential element of the offense,viz. a lawful arrest. This was not an issue of fact but a legal determination made by the trial court and not appealed by appellant.
Because the trial court had already determined that appellant's arrest was unlawful, it did not err in dismissing the charge of resisting arrest.
Appellant's second assignment of error is without merit.
Appellant's third assignment of error states:
 "The trial court erred in dismissing the charge of resisting arrest in response to a pretrial motion by the defendant without giving express determination of the reasons for the dismissal."
Appellant cites Crim.R. 48(A) for the proposition that when a trial court dismisses a charge over the state's objection, it must state its findings of fact and reasons for the dismissal on the record. Appellant claims that it had no opportunity to object to the dismissal of the resisting arrest charge and that it assumed the charge would be prosecuted in lieu of the fact that the trial court had previously stated in the entry of April 17, 1997 that "the issue of resisting arrest shall be decided by the trier of fact". Appellant notes that the journal entry dismissing the resisting arrest charge contains no information concerning why the charge was dismissed and assigns this as error.
Crim.R. 48(B) states:
 "(B) Dismissal by the court. If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."
The clear wording of Rule 48(B) requires that the state make objection to the trial court's dismissal in order to receive the benefit of the rule. The trial court's journal entry of July 16, 1997 states that a hearing on the Motion to Reconsider was held on June 24, 1997. However, the record on appeal does not include a transcript of this hearing, nor does appellant appear to have filed a written response to appellee's motion. In its brief, appellant claims it did not have the opportunity to object to the trial court's dismissal of the resisting arrest charge, yet the journal entry indicates that appellant was represented at the hearing. App. R. 10 places the burden on appellant to include in the appellate record those transcripts necessary for the determination of the appeal. Because appellant has failed to present evidence of it having objected to the trial court's ruling as required by Crim.R. 48(B), appellant's third assignment of error is without merit.
Because all three of appellant's assignments of error are without merit, the decision of the trial court dismissing the charge of resisting arrest, is hereby affirmed.
Cox, J., concurs
Vukovich, J., dissents; see dissenting opinion
APPROVED:
 ------------------------------ Gene Donofrio Presiding Judge