DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, Marlon J. Griffin, appeals from his convictions and sentences for burglary and obstructing official business. We affirm.
On or about May 10, 1998, Akron police officers received information that a black man in a red coat and dark pants was riding a bicycle through certain streets in Akron and was selling narcotics. Officers located Defendant, and one officer asked Defendant to stop and to dismount his bicycle. Defendant proceeded to flee from the officers on his bicycle. Defendant dismounted his bicycle, threw it in front of a police cruiser, and continued his flight on foot. Defendant then hid behind a furnace in the basement of a house located at 952 Chalker Street until police officers caught up with him.
On May 14, 1997, a Summit County grand jury indicted Defendant for one count of burglary, R.C. 2911.12(A) (2), and for one count of obstructing official business, R.C. 2921.31(A). After a jury trial, Defendant was found guilty of violating R.C.2911.12(A) (4), a lesser included offense of R.C. 2911.12(A) (2) and a fourth degree felony, and guilty of violating R.C. 2921.31(A). The trial court sentenced Defendant to concurrent prison terms of eighteen months and ninety days.
Defendant timely appealed and has raised five assignments of error.
ASSIGNMENT OF ERROR I
 The trial court erred in applying Ohio Revised Code Section 292[1].31(A) to the actions of the Defendant.
ASSIGNMENT OF ERROR II
 The trial court erred in not granting a judgment for acquittal based upon the fact that Defendant's conduct did not violate 2921.31(A), obstructing official business.
Because the first two assignments of error relate to the sufficiency of the evidence for an obstruction of official business conviction, we will address them together. Defendant avers that the trial court erred as a matter of law when it denied his motion for acquittal because the state failed to present evidence that demonstrated that he had obstructed official business pursuant to R.C. 2929.31(A). We disagree.
Sufficiency is a test of legal adequacy that measures whether the evidence underlying a conviction is sufficient as a matter of law to sustain the verdict. State v. Thompkins (1997), 78 Ohio St.3d 380,386. As an appellate court, we review a trial court's denial of a Crim.R. 29(A) acquittal motion by examining the evidence in a light most favorable to the prosecution and determining whether a rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. SeeState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2921.31(A), obstructing official business, provides in part:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
Courts have considered what conduct may not amount to an obstruction. For instance, the Fourth District Court of Appeals concluded that a person who refused to remain in place and seated while a police officer searched for another person did not commit an obstruction. State v. Gillenwater (Mar. 27, 1998), Highland App. No. 97CA0935, unreported, 1998 Ohio App. LEXIS 1426, at *9. The court noted that a mere failure to obey a law enforcement officer's request may not amount to an obstruction. Id. This court determined that when a person who provided his name, address, and social security number to an officer failed to provide a license to the officer conducting the investigation, such failure did not constitute an obstruction. State v. McCrone
(1989), 63 Ohio App.3d 831, 834-35.
Courts have also considered what behavior may amount to an obstruction. For example, the Fourth District Court of Appeals defined an obstruction as an affirmative act that directly interferes with an officer's duty. State v. Gillenwater, supra, at *9. The Twelfth District Court of Appeals concluded that a person's failure to cooperate with a police officer by failing to give information was an obstruction when the officer pulled the person over to investigate a traffic violation. See Waynesvillev. Combs (1990), 66 Ohio App.3d 292, 296.
In this case, Defendant's flight by bicycle and on foot from the police and his hiding behind a furnace in someone's basement amounted to more of a hindrance than merely refusing to stay still or to present a license. Defendant's actions demonstrated not only a failure to cooperate with the police, but also an affirmative interference with police business. Defendant's actions that included throwing his bicycle in front of the police cruiser amounted to affirmative conduct that directly interfered with the officer's duty of investigation.
Upon a review of the evidence in a light most favorable to the prosecution, we conclude that a reasonable trier of fact could have found that Defendant obstructed official business beyond a reasonable doubt. Accordingly, Defendant's first two assignments of error are overruled.
ASSIGNMENT OF ERROR III
 The trial court erred in not granting a judgment for acquittal based upon the fact that Defendant's conduct did not violate 2911.12(A), burglary.
Defendant argues that there was insufficient evidence to support a violation of R.C. 2911.12(A), because the door to the house located at 952 Chalker Street was left open when he entered. He avers that this was evidence that he did not act with force, stealth, or deception. We disagree.
R.C. 2911.12(A) (4) provides:
 No person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
"Stealth" has been defined as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." State v. Lane (1976)50 Ohio App.2d 41, 47.
The record reveals that Defendant hid in the basement behind a furnace. Upon a review of the evidence in a light most favorable to the prosecution, we find that a reasonable trier of fact could have found the elements of burglary proven beyond a reasonable doubt. Accordingly, Defendant's third assignment of error is overruled.
ASSIGNMENT OF ERROR IV
 The jury verdict finding the Defendant guilty of obstructing official business was against the manifest weight of the evidence.
Defendant contends that a lack of evidence demonstrating that he had obstructed official business renders his conviction against the manifest weight of the evidence. We disagree.
In determining whether a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Otten (1986), 33 Ohio App.3d 339, 340; State v. Martin (1983),20 Ohio App.3d 172, 175.
Upon a review of the record, we find that the jury did not lose its way by concluding that Defendant obstructed official business. Defendant's fourth assignment of error is overruled.
ASSIGNMENT OF ERROR V
 The jury verdict finding the Defendant guilty of burglary was against the manifest weight of the evidence.
Defendant propounds that a lack of evidence to support his burglary conviction demonstrated that it was against the manifest weight of the evidence. We disagree.
Upon a review of the record, we find that the jury did not lose its way by determining that Defendant had committed burglary. Defendant's fifth assignment of error is overruled.
Defendant's five assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR