**NORTH RIDGEVILLE**

v.

**CUMMINGS.**

2009-Ohio-3475.]

Elyria Municipal Court.

No. 2008CRB03720.

Decided April 10, 2009.

Brian Moriarty, North Ridgeville Prosecuting Attorney, for plaintiff.

Stourton Scott Smith, for defendant.

---

Musson, Judge.

{¶ 1} On March 24, 2009, a bench trial was held following defendant's plea of not guilty.

## Facts of the Case

{¶ 2} At trial, Lieutenant Barry Accorti of the North Ridgeville Police Department testified that on September 1, 2008, at an unspecified time, he responded to a call for backup at the Sheetz gas station on Lorain Road in the city of North Ridgeville. Upon arrival, he observed that a suspect in an assault incident was already in custody inside the station. While on the scene, Accorti was approached by an unidentified male, who stated that he was being bothered by an intoxicated male who was trying to pick a fight. In response, Accorti approached the defendant, Ryan Cummings, whom he described as "visibly intoxicated, even to a casual observer." The officer demanded identification from the defendant, who stated that he had none with him. The officer then ordered defendant to remove his hands from his pockets, whereupon defendant produced a wallet, which Accorti seized. Without inspecting the wallet or asking further questions, Accorti physically directed defendant against a pillar for the stated purpose of patting him down "for [his] own protection." While Accorti was thus holding defendant by the waist, the defendant turned to face Accorti without raising his hands or saying anything. Viewing this as an aggressive move, the Lieutenant promptly swept defendant to the ground and placed handcuffs on him after a brief scuffle. At no time was the defendant told why he was being questioned or told that he was being arrested. After he was arrested, the defendant was found

to have an outstanding arrest warrant. He was charged with disorderly conduct in violation of R.C. 2917.11(B)(1) and resisting a lawful arrest in violation of R.C. 2921.33.

{¶ 3} The defendant testified on his own behalf. He denied drinking that evening. He testified that he was seated at a picnic table with a friend, eating a sandwich and watching the arrest of someone else inside the gas station. The officer approached him and demanded identification. The defendant asked, "What for?" and the officer repeated his demand. The defendant again asked, "What for?" He was then immediately taken to the ground, a knee was placed on his head, and he was handcuffed.

## Disorderly Conduct

{¶ 4} To sustain a conviction for disorderly conduct in violation of R.C. 2917.11(B)(1) as charged in this case, the prosecution bears the burden of proving by proof beyond a reasonable doubt the following essential elements: (1) that the defendant was voluntarily intoxicated; (2) that he was in a public place or in the presence of two or more persons; (3) that he engaged in conduct likely to be offensive to persons of ordinary sensibilities, or caused inconvenience, annoyance, or alarm to persons of ordinary sensibilities; and (4) that his conduct was such that had he not been intoxicated, he should have known that it would have such effect on others.

{¶ 5} With regard to the issue of defendant's intoxication, Evid.R. 701 permits a lay witness to express opinions that are (1) rationally based on the witness's perception and (2) helpful to a determination of facts that are in issue. It has long been the rule in Ohio that sobriety or lack thereof is a proper subject for lay opinion testimony. When it appears that an individual in all probability has sufficient experience to express an opinion as to whether or not a man is drunk or sober and opportunity to observe him, he may do so without further explanation. *Fairfield v. Tillett* (Apr. 23, 1990), Butler App. No. CA89–05–073, 1990 WL 49996. Accordingly, this court can consider Accorti's observations and opinion as to defendant's intoxication. However, the only evidence presented concerning the nature of the alleged inconvenience, annoyance, or alarm caused to another person was Accorti's hearsay characterization of the initial complaint from the unknown male. While this hearsay evidence was admitted by the court over defense counsel's objection for the limited purpose of providing background information to the court, it cannot be relied upon to prove an element of the offense. In the absence of some descriptive direct evidence, this court is unable to determine whether defendant's conduct was such that had he not been intoxicated, he should have known that his conduct would be inconvenient,

annoying, or alarming to a person of ordinary sensibilities. *State v. Stacy* (1983), 9 Ohio App.3d 55, 9 OBR 74, 458 N.E.2d 403.

{¶ 6} For the foregoing reasons, the court must find the defendant not guilty of the charge of disorderly conduct.

### Resisting Arrest

{¶ 7} To sustain a conviction for resisting arrest in this case, the prosecution need not first obtain a conviction for the offense that gave rise to the arrest. *Columbus v. Griffith* (Apr. 28, 1988), Franklin App. No. 87AP–656, 1988 WL 41163. It must, however, prove the following elements beyond a reasonable doubt: (1) that Lieutenant Accorti was effecting a lawful arrest of the defendant; (2) that the defendant was fairly apprised of the fact that he was being arrested; and (3) that the defendant, having been fairly apprised of his arrest, nevertheless resisted either by force or by recklessly hindering or interfering with the arrest. R.C. 2921.33.

{¶ 8} The basic rule in Ohio is that in order to be lawful, a warrantless misdemeanor arrest must be committed in the presence of the arresting officer. *State v. Lewis* (1893), 50 Ohio St. 179, 33 N.E. 405, syllabus. Statutory exceptions to this judicial rule have been created in R.C. 2935.03(B) for offenses of violence and theft, and case law has carved out additional exceptions for traffic offenses. See generally Katz, Ohio Arrest, Search and Seizure (2005), Section 4:4. None of these recognized exceptions applies to the minor misdemeanor allegedly committed in this case. The only circumstance observed by the officer in this case was an intoxicated person eating a late night snack outside a gas station. Public intoxication is not illegal in Ohio unless additional aggravating factors exist, and Accorti observed no such aggravating factors.

{¶ 9} It is also the law in Ohio that a person alleged to have committed a minor misdemeanor has a substantive right to be issued a summons in lieu of arrest unless certain exceptions exist. R.C. 2935.26; *State v. Slatter* (1981), 66 Ohio St.2d 452, 20 O.O.3d 383, 423 N.E.2d 100. *State v. Satterwhite* (1997), 123 Ohio App.3d 322, 324, 704 N.E.2d 259. This rule was strengthened when the Ohio Supreme Court ruled that the Ohio Constitution provides greater protections in such cases than the Fourth Amendment to the United States Constitution. *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175. The relevant exception in this case is contained in R.C. 2935.26(A)(2) and applies in cases in which the offender "cannot or will not offer satisfactory evidence of his identity." It was established that the defendant in this case produced a wallet after his initial evasive answer. Rather than examine the wallet for identification or make further inquiry, Accorti physically forced the defendant against the support pillar with the intent to arrest him. This conduct constituted an arrest as that term

32

has been defined by Ohio courts. *State v. Darrah* (1980), 64 Ohio St.2d 22, 26, 18 O.O.3d 193, 412 N.E.2d 1328. Because the arrest occurred without the officer first reasonably establishing that the defendant could not or would not provide satisfactory proof of identity, it violated the mandate contained in R.C. 2935.26.

{¶ 10} This court is aware that at least one appellate court in Ohio has held that a prosecution for resisting a lawful arrest can be predicated upon something less than a full custodial arrest. *State v. McCrone* (1989), 63 Ohio App.3d 831, 580 N.E.2d 468. In that case, the court held that even though the defendant had been unlawfully arrested for failing to produce identification and could therefore not be convicted of obstructing official business, he had been lawfully detained for a limited investigative purpose as permitted by *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The officer in *McCrone* was able to demonstrate specific and articulable facts that allowed the appellate court to judge the reasonableness of the officer's conduct by balancing the need for the stop against the gravity of the intrusion. Noting that the police were investigating an aggravated burglary, that the defendant had been identified at the scene and was detained nearby, and that he refused to allow the officer to see the contents of his wallet and snatched it from the officer's hand, the court reasoned that the officer's detention of McCrone was justified and that his response was sufficiently violent to sustain a conviction for resisting arrest.

{¶ 11} Comparing the facts of *McCrone* with those of the instant case, the court notes that the officer here was investigating a minor misdemeanor and that the defendant produced his wallet for the officer's inspection. No other specific or articulable facts were presented by the officer to justify the intrusive and publicly humiliating physical detention and pat down of the defendant, in violation of *Terry v. Ohio.*

{¶ 12} As the prosecution has failed to prove that defendant's arrest was legal or even that his detention was a legitimate *Terry*-stop, the defendant cannot be convicted of any resistance that he offered. Accordingly, the defendant is found not guilty of violating R.C. 2921.33.

So ordered.