[Cite as *Bedford Hts. v. Davis*, 2024-Ohio-1281.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CITY OF BEDFORD HEIGHTS,  :

    Plaintiff- Appellee,  :

                          No. 113060

        v.  :

ROMAINE T. DAVIS,  :

    Defendant-Appellant.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND VACATED
**RELEASED AND JOURNALIZED:** April 4, 2024

---

Criminal Appeal from the Bedford Municipal Court
Case No. 23CRB00118

---

### *Appearances:*

Marlene J. Ridenour, Bedford Heights Law Director/ Prosecutor, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Romaine T. Davis appeals from a judgment of the Bedford Municipal Court that convicted him of obstructing official business. Davis

was stopped by a patrol officer for the city of Bedford Heights ("the city"). During the traffic stop, Davis would not identify himself or provide his driver's license. He was charged with obstructing official business as a result. The offense requires an affirmative, overt act that hinders a police officer's duties. Our review of the record, however, indicates the city presented no evidence that Davis engaged in an affirmative, overt act during the traffic stop. Finding merit to the appeal, we reverse the trial court's judgment and vacate Davis's conviction of obstructing official business.

**Background**

{¶ 2} Davis was cited for and convicted of improper display of plate and obstruction of official business. At trial, the prosecutor elicited the following testimony from Patrolman Vicent Ellis.

{¶ 3} Patrolman Ellis observed Davis traveling in a vehicle without a visible plate. After he stopped Davis's vehicle, Davis refused to roll down the window. He also refused to identify himself or provide his driver's license despite multiple requests from Ellis. Davis also requested the presence of Ellis's supervisor. A sergeant from the Bedford Heights Police Department then arrived to assist Ellis. Davis eventually rolled down the window, and the officers were able to read the VIN number on the vehicle and determine Davis's identity based on the BMV records. This is the entirety of Ellis's testimony.

{¶ 4} Davis was cited for improper display of plate and a misdemeanor offense of obstructing official business. He was sentenced to a fine of $100 plus costs

for the traffic offense, and $100 plus costs in addition to a suspended jail term of ten days for obstructing official business.  Davis now appeals from his conviction of obstruction of official business.

**Insufficient Evidence for Obstructing Official Business**

{¶ 5} Under the first assignment of error, Davis contends there is insufficient evidence produced at trial to support a finding of guilt on the offense of obstructing official business.  When reviewing a challenge to the sufficiency of the evidence, we review the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 6} Davis was convicted of obstructing official business in violation of R.C. 2921.31(A), which states, "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 7} The statute requires evidence demonstrating that a defendant acted with a purpose to impede the performance of an official duty.  "The purpose with which a person does an act is determined from the manner in which it is done, the

means used, and all the other facts and circumstances in evidence." *State v. Hardin,* 16 Ohio App.3d 243, 245, 475 N.E.2d 483 (10th Dist.1984).

{¶ 8} Furthermore, the courts have consistently held that the crime of obstructing official business requires "'proof of an affirmative or overt act that hampered or impeded the performance of the lawful duties of a public official.'" *Parma v. Jackson*, 8th Dist. Cuyahoga No. 112646, 2024-Ohio-575, ¶ 11, quoting *Brooklyn v. Kaczor*, 8th Dist. Cuyahoga No. 98816, 2013-Ohio-2901, citing *Parma v. Campbell*, 8th Dist. Cuyahoga Nos. 79041 and 79042, 2001 Ohio App. LEXIS 4907 (Nov. 1, 2001). *See also, e.g., State v. Keagle*, 9th Dist. Summit Nos. 29045 and 29056, 2019-Ohio-3975, ¶ 21; *State v. Partee*, 10th Dist. Franklin Nos. 17AP-804 and 17AP-805, 2018-Ohio-3878, ¶ 26; *State v. Vitantonio*, 2013-Ohio-4100, 995 N.E.2d 1291, ¶ 16 (11th Dist.); and *State v. Prestel*, 2d Dist. Montgomery No. 20822, 2005-Ohio-5236, ¶ 16.

{¶ 9} "'"One cannot be guilty of obstructing official business by doing nothing because the text of R.C. 2921.31 specifically requires an offender to act."'" *Jackson* at ¶ 11, quoting *Kaczor* at ¶ 8, quoting *State v. Brickner-Latham*, 3d Dist. Seneca No. 13-05-26, 2006-Ohio-609, ¶ 26. Accordingly, "'the mere refusal to answer a police officer's questions regarding one's identity cannot support a conviction for obstructing official business.'" *Id.*, quoting *Kaczor* at ¶ 8, citing *Cleveland Hts. v. Lewis*, 187 Ohio App.3d 786, 2010-Ohio-2208, 933 N.E.2d 1146, ¶ 37 (8th Dist.) (mere failure to obey a law enforcement officer's request does not bring a defendant within the ambit of obstructing official business). *See also Prestel* at ¶ 16

(obstructing official business requires some affirmative or overt act as opposed to merely failing or refusing to cooperate or obey a police officer's request for information); and *State v. McCrone*, 63 Ohio App.3d 831, 580 N.E.2d 468 (9th Dist.1989) (a mere refusal to cooperate with police and provide identification upon request does not constitute obstructing official business). Similarly, a defendant's mere refusal to provide his or her driver's license to an officer upon request does not constitute obstructing official business. *Kaczor* at ¶ 8, citing *Middletown v. Hollon*, 156 Ohio App.3d 565, 2004-Ohio-1502, 807 N.E.2d 945, ¶ 32 (12th Dist.), citing *McCrone, supra*.

{¶ 10} In contrast, "'when one takes overt acts to impede or obstruct the officer's investigation or business, one may be found guilty of obstructing official business.'" *Middletown v. Hollon*, 156 Ohio App.3d 565, 2004-Ohio-1502, 807 N.E.2d 945, ¶ 33 (12th Dist.), quoting *State v. Merz*, 12th Dist. Butler No. CA97-05-108, 2000 Ohio App. LEXIS 3414 (July 31, 2000). *See Keagle* (sufficient evidence for obstructing official business existed when the defendant repeatedly refused to exit his vehicle for the officers to conduct a probable cause search and also verbally quarrelled with the officers); *State v. Moss*, 9th Dist. Summit No. 28986, 2018-Ohio-4747, ¶ 12 (sufficient evidence existed when the defendant's "jostling around," refusing to provide any identification, yelling, and repeatedly moving his hands caused a significant delay of the officers performing their duties); *State v. Zefi*, 10th Dist. Franklin No. 00AP-950, 2001 Ohio App. LEXIS 1136 (Mar. 15, 2001) (the defendant not only refused to produce his driver's licence or cooperate with the

officers but also increased the volume of his car stereo twice while the officers attempted to gather information); and *State v. Lojas*, 10th Dist. Franklin No. 97APC08-1082, 1998 Ohio App. LEXIS 1710, 14-15 (Apr. 21, 1998) (continuously entering and existing vehicle against the officers' orders supported a conviction of obstructing official business); and *State v. Cobb*, 2d Dist. Montgomery No. 19474, 2003-Ohio-3034 (providing false information to the police is considered an overt act).

{¶ 11} The city argues that there was sufficient evidence to prove the offense because Davis's refusal to identify himself or provide his driver's license caused a delay in the police's investigation of the traffic offense. This argument is not supported by the well-established precedent. An overt act by the defendant is required to support the offense of obstructing official business, yet the testimony elicited from Patrolman Ellis by the prosecutor did not reflect any overt act. *See also Toledo v. Dandridge*, 6th Dist. Lucas No. L-10-1333, 2013-Ohio-317 (a mere refusal to answer a police officer's questions regarding one's identity during a traffic stop did not constitute sufficient evidence for a conviction of obstructing official business).

{¶ 12} The city cites *Waynesville v. Combs*, 66 Ohio App.3d 292, 584 N.E.2d 9 (12th Dist.1990), for the proposition that a defendant's failure after a traffic stop to cooperate with the police and provide information constitutes the offense of obstructing official business. The defendant's conviction in *Combs*, however, was based on different facts. In that case, the officer testified that after the traffic stop,

the defendant twice attempted to put her vehicle in gear and drive away, and then continuously threatened and cursed the officer as he attempted to elicit information from her. *Combs* is not applicable here because the defendant in *Combs* engaged in multiple affirmative, overt acts impeding the police officer's performance of his official duty.

{¶ 13} For the foregoing reasons, we sustain the first assignment of error. Under the second assignment of error, Davis argues his conviction of obstructing official business was against the manifest weight of the evidence. Our conclusion that insufficient evidence supported Davis's conviction renders his manifest-weight claim moot.

{¶ 14} Judgment reversed, and conviction vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR